■ In the Matter of WILLETS POINT CONTRACTING CORP. et al., Appellants, v TOWN BOARD OF THE TOWN OF OYSTER BAY et al., Respondents. WASTE TRANSFER SYSTEMS OF NEW YORK, INC., Intervenor-Respondent.—In a proceeding pursuant to CPLR article 78, *inter alia,* to prohibit the Town Board of the Town of Oyster Bay and the Town of Oyster Bay Solid Waste Disposal District from awarding a contract to the intervenor and to compel the town to award the contract to the petitioners or, in the alternative, to reject all bids, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Molloy, J.), entered May 3, 1988, as denied their motion for a preliminary injunction and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with one bill of cost to the respondents and the intervenor-respondent appearing separately and filing separate briefs.

A town may waive a bid's technical noncompliance with the bid specifications if the defect is a mere irregularity and it is in the best interests of the town to do so *(see, Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, *affd* 46 NY2d 960). It may not, however, waive a variance which is material or substan-

tial *(see, Matter of Kayfield Constr. Corp. v Morris,* 15 AD2d 373, 378; *Matter of C. K. Rehner, Inc. [City of New York],* 106 AD2d 268).

At bar, the Supreme Court determined that the objections raised by the petitioners to the bid were mere irregularities and not material variances. We agree. The petitioners have not shown that the alleged irregularities in the intervenor's bid gave it a substantial competitive advantage unavailable to the other bidders *(see, Matter of Cataract Disposal v Town Bd.,* 77 AD2d 796, *revd on other grounds* 53 NY2d 266). Moreover, because the bid submitted by the intervenor was considerably lower than the cost of the current contract, it was in the best interests of the town to waive the alleged irregularities and award the contract to the intervenor.

In light of this foregoing, the court properly concluded that the petitioners were not entitled to a preliminary injunction and dismissed the proceeding. Bracken, J. P., Eiber, Kooper and Harwood, JJ., concur.