■ DIAMOND "D" CONSTRUCTION CORP., Appellant, v COUNTY OF ERIE et al., Respondents. [619 NYS2d 413] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the petition of Diamond "D" Construction Corp. (Diamond) seeking to require the County of Erie (County) to reject as non-responsive the bid of Frontier Asphalt, Inc. (Frontier). A municipality may decline bids that fail to comply with the literal requirements of the bid specifications or it may waive technical non-compliance "if the defect is a mere irregularity and it is in the best interests of the municipality to do so" *(Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, 32, *affd* 46 NY2d 960). A municipality may not permit a bidder to modify its bid in a way that would give the bidder " 'a substantial advantage or benefit not enjoyed by the other bidders' " *(Sinram-Marnis Oil Co. v City of New York,* 74 NY2d 13, 18). "A minor variation from the terms of

an advertisement for bids should be considered material only when it would impair the interests of the contracting public authority or place some of the bidders at a competitive disadvantage" *(Matter of Cataract Disposal v Town Bd.,* 53 NY2d 266, 272; *see also, Matter of Willets Point Contr. Corp. v Town Bd.,* 141 AD2d 735, 735-736, *lv denied* 72 NY2d 810). "The governmental agency has the right to determine whether a variance from bid specifications is material or whether to waive it as a mere irregularity, and that determination must be upheld by the courts if supported by any rational basis" *(Matter of Varsity Tr. v Board of Educ.,* 130 AD2d 581, 582, *lv denied* 70 NY2d 605).

The court properly held that the County did not waive the requirement that Frontier comply with special instructions; it merely allowed Frontier to comply two to five days after the bid opening. The County's determination to waive Frontier's late submission as a "mere irregularity" should be upheld. The late submission did not impair the interests of the County nor did it place any other bidders at a competitive disadvantage. (Appeal from Judgment of Supreme Court, Erie County, Mintz, J.—Article 78.) Present—Denman, P. J., Lawton, Wesley, Doerr and Boehm, JJ.