■ In the Matter of AMBOY BUS CO., INC., et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents. [618 NYS2d 799] —Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about August 2, 1994, which, *inter alia,* denied the CPLR article 78 petition seeking to compel the award of transportation services contracts by the Board of Education of the City of New York ("the Board") to petitioners, unanimously affirmed, without costs.

The IAS Court properly concluded that the Board of Education had, after an administrative appeal by Evergreen Bus Services, Inc. ("Evergreen"), rationally awarded contracts for the transportation of special education students to Evergreen, based upon the Board's determination that the bid of respondent Evergreen was in compliance with the terms and conditions of the bid proposal documents, which were ambiguous in that they failed to define the term "annual contract value", a necessary term for the bidders to properly calculate the amount the bidder was required to submit as performance security *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231).

Acceptance of the bid was neither arbitrary nor capricious, since the objections raised by the petitioners to the competitive bid challenged mere non-material irregularities, which may be waived by the administrative agency and which did not give Evergreen a substantial competitive advantage over other bidders *(Matter of Willets Point Contr. Corp. v Town Bd.,* 141 AD2d 735). We have reviewed petitioners' remaining claims and find them to be without merit. Concur—Wallach, J. P., Ross, Rubin, Nardelli and Tom, JJ.