Joseph F. Gagliardi, J.
It is conceded that the respondent Board of Education, Central School District No. 1, Town of Clarkstown, New City, New York, advertised and received sealed bids from two concerns, petitioner Rockland Bus Lines, Inc., and respondent Peter Brega, Inc., to furnish school bus transportation in the 1964-65 school year. However, Brega, unlike petitioner, did not simultaneously submit a bid bond or certified check for 5% of the amount of the bid as prescribed in the “ Notice to Bidders ” promulgated by the board. The bids were opened on July 23, 1964, and Brega’s bid was the lower. Subsequently, Brega furnished a bond in the required amount on August 7, 1964. Three days later the board accepted Brega’s bid by resolution. Petitioner, as the next lowest bidder, brings this proceeding under article 78 of the CPLR to direct the board to annul its resolution; to prevent it and Brega from executing *1061 and performing the contract; and to award the contract to petitioner.
Brega has submitted the affidavit of Peter Brega, its president. It avers, inter alia, that he has a large, safe, modern fleet of vehicles and has successfully supplied school transportation to various school districts in Rockland County for 18 years, mostly through competitive bidding. At the same time, he deprecates petitioner’s ability to perform the instant contract which calls for 28 buses plus 2 spares.
Petitioner’s central position is that the board was specifically enjoined by section 103 of the G-eneral Municipal Law to dishonor Brega’s bid for failure to simultaneously submit the required check or bond. The pertinent language is as follows: ‘1 Except as otherwise expressly provided * * * all contracts for public work involving an expenditure of more than twenty-five hundred dollars and all purchase contracts involving an expenditure of more than one thousand dollars, shall be awarded * * * to the lowest responsible bidder furnishing the required security after advertisement for sealed bids in the manner provided by this section. * * * Such officer, board or agency may, in his or its discretion, reject all bids and readvertise for new bids in the manner provided by this section.” Respondent raises as a threshold question whether petitioner’s remedy is limited to that of application to the Commissioner of Education of the State of New York under section 310 of the Education Law. Section 7801 of the CPLR dictates that article 78 proceedings to this court “ shall not be used to challenge a determination: 1. which * * * can be adequately reviewed by appeal * ® * to some other body or officer ”.
The answer appears in ■ the precise language of that section and in precedent. This petition does not seek the same “ review ” of the challenged determination that would be available before the Commissioner of Education. For that term connotes the gist of a certiorari proceeding brought upon the ground that a determination was erroneous, arbitrary, capricious or in abuse of discretion (see CPLR 7803, subd. 3). Rather, this petition, in the nature of mandamus goes much further. It is brought upon the ground that the School Board is acting in violation of an express statute. The issues are those of law (Matter of Glen Truck Sales & Serv. v. Sirignano, 31 Misc 2d 1027, 1029). This is an area in which the courts will not be ousted of jurisdiction, notwithstanding another method of settling the controversy (Matter of O’Connor v. Emerson, 196 App. Div. 807; see Matter of Levitch v. Board of Educ., 243 N. Y. 373).
*1062 Therefore, I reach the question of whether section 103 of the General Municipal Law requires rejection of Brega’s bid. That section dictates award of the contract to “ the lowest responsible bidder furnishing the required security after advertisement for sealed bids in the manner provided ”. I cannot rule that Brega is not a responsible bidder as a matter of law. In fact, the affidavit submitted on Brega’s behalf would indicate a contrary ruling. The other descriptive phrase merely requires furnishing of the security after advertisement. It does not require in its terms that that step be taken simultaneously with submission of the bid. All that has taken place is that the board has waived its own requirement in the advertisement as to the time, but not as to the actual submission of the security. The waiver may or may not have been the soundest action under the circumstances. Nevertheless, the contrary is not specifically enjoined by law. This case is to be distinguished from those involving subsequent alteration of bids to the prejudice of other bidders (see, e.g., Matter of Glen Truck Sales & Serv., supra; Matter of General Steel Prods. Corp. v. City of New York, 18 Misc 2d 106). Accordingly, the petition is dismissed, without costs.