Bertram Harnett, J.
By memorandum decision and order dated August 25, 1972 (71 Mise 2d 139) this court granted the petition in this article 78 CPLR proceeding annulling the award of the 1972-1973 Uniondale School District bus contract to Solar Transportation Company on the grounds that Solar had not submitted the required financial statements to the school board at the time the contract award was made. Statements in open court at the time of the original argument, later confirmed by telephone, indicated this state of facts.
Solar now seeks reargument or renewal on the grounds that the information initially furnished the court was in fact, inadvertently, erroneous. The uncontested testimony of Dr. Robert Leifels, the Assistant Superintendent of Schools for Business, in a subsequent hearing before this court, established that financial data, along with the requisite performance bond, were supplied to the board on the afternoon of July 18, 1972, before the award was made that evening. Since this correction of fact goes to the very heart of the court’s prior decision, renewal is granted. (Estrow v. Wilson, 30 A D 2d 646; Ecco High Frequency Corp. v. Amtorg Trading Corp., 81 N. Y. S. 2d 897, affd. 274 App. Div. 982; Shenker Displays v. Goldman, 144 N. Y. S. 2d 7.)
Although the financial data supplied by Solar came admittedly at the eleventh hour, it does substantially comply with that required by paragraph 9 of the “ School Bus Transportation Specifications, Form of Proposal and Instruction to Bidders One Year Contract for 1972-1973 ” (hereinafter “ Specifications ”), which was issued to all prospective bidders in advance of the bidding. The balance sheet, statement of expenses, statement of income, projected sales and income, and historical report submitted by Solar supply sufficient detail in the aggregate so as to constitute an “ operating statement” as described in paragraph 9. Although on their face they may not be ‘ ‘ operating statements ’ ’ by customary accounting standards, there is no indication in the “ Specifications ” as to the precise type of statement required and reasonable information would seem to suffice.
*145 While Harran contends that these data are required to be submitted at the time of the opening of the bids, and no later, there is no language in the “ Specifications” that specifies a time when that particular information must be presented. Accordingly, accepting this material after the opening of bids, but before the award of the contract, cannot be deemed arbitrary or in violation of the school’s own rules. It is information fairly elicited to check on the responsibility of the bidder with the lowest prices.
The court, on its own motion, raised the question of compliance with paragraph 6 (c) of the “Specifications ” which states that “ all bid proposals must be accompanied by a certification from an acceptable insurer to the effect that the bidder is able to secure a performance bond of the required value ”. Solar did not obtain that “certification”, but instead submitted a “bid bond ” in the amount of $20,000, and after the opening of the bids, but before the award, in fact, submitted a performance bond to secure the full contract price.
A “ bid bond ” is designed to secure a particular bid until it is either rejected or accepted and the contract is made and secured. Here, its terms provided that the obligation of the bond company to insure the bid continue until Solar, if its bid was accepted, “ shall execute and deliver a contract in the Form of Contract attached hereto, properly completed in accordance with said bid, and shall furnish a bond for the faithful performance of said contract, and for the payment of all persons performing labor or furnishing materials in connection therewith, and shall in all other respects perform the agreement created by the acceptance of the bid”.
Uncontradicted representations of counsel were that, under school board practice in the area, the bonding company posting the bid bond routinely later posts a performance bond and that a further certification is redundant. This is actually confirmed by the practical recognition that the bid bonder would not reasonably issue a bid bond if it were not later going to issue a performance bond, barring .some radical change in circumstance. This is because the face amount of the bid bond, which is normally issued on the same state of facts as the performance bond, would be forfeited on failure to get the performance bond. The generality of the practice is underscored by the submission by Harran itself of only the “ bid bond ” without the superfluous certificate.
Moreover, the vague language of paragraph 6 (c), which does not define the “ required value ”, belies the materiality. of this *146 requirement and leaves ample room for inference that any of several documents with the desired effect (providing assurance that a performance bond will be issued) would be acceptable. Indeed,, even a so-called “ certificate ” would not be a conclusive guarantee of the ultimate issuance of a performance bond since it logically must contain some “ out” contingencies involving changed circumstances.
While the court believes that informal procedures must not be allowed to erode the integrity and orderly processes of competitive bidding, here it appears that Solar supplied the required information so that the board could properly determine whether it was the “lowest responsible bidder”. (General Municipal Law, § 103, subd. 1; Matter of P. J. Panzeca, Inc. v. County of Nassau, 56 Misc 2d 460, 463; Matter of Meyer v. Board of Educ., 31 Misc 2d 407; Matter of Caruci v. Dulan, 41 Misc 2d 859.) The court cannot condone the loose practice of the respondent school board, but it also cannot say that the board acted arbitrarily or capriciously in making its award to Solar. It is hoped in the future that the board will be more scrupulous in adhering to its own written notices, particularly as they affect those who may rely upon their written words in determining whether to bid at all.
Accordingly, upon renewal, the court finds that the procedures followed were not unlawful and that the contract award to Solar was not arbitrary, capricious o.r unreasonable. The petition is dismissed.