(December 11, 1984)

■ In the Matter of C. K. REHNER, INC., Respondent. CITY OF NEW YORK, Appellant, et al., Respondent. — Order and judgment (one paper), Supreme Court, New York County (Irving Kirschenbaum, J.), entered January 28, 1981, granting the petition to the extent of remanding the matter to the Department of General Services for further proceedings, reversed, on the law, without costs or disbursements, the application denied and the petition dismissed.

On November 24, 1980, the Department of General Services advertised for bids for construction work on a project at the New York Aquarium. Included in the bid instructions was a "special notice" directing bidders to submit a completed financial questionnaire with their bids and reciting that failure to comply would result in disqualification of the bid. Petitioner, which had

submitted the lowest bid, did not include the required financial statement and, as a result, its bid was rejected and its request for reconsideration was denied. Subsequently, General Services rejected all of the bids and rebid the contract, whereupon the job was awarded to another, R & C Corp., as the lowest bidder.

In December, 1980 petitioner brought this CPLR article 78 proceeding to annul the determination of respondents rejecting its bid and awarding the contract to R & C Corp. It is alleged, *inter alia,* that the rejection of the bid for the inadvertent failure to include the financial statement was arbitrary and capricious. Special Term agreed, concluding that the omission of the statement was a curable irregularity and that the rejection of the bid on that ground was unreasonable.

While petitioner has submitted no points on the appeal, apparently as a result of the fact that the construction work had already been performed, we find the question of sufficient public importance and one likely to recur so as to require consideration on the merits (*People ex rel. Guggenheim v Mucci,* 32 NY2d 307, 310). As a result, we are retaining jurisdiction of the appeal to resolve an issue of significance which would otherwise evade appellate review.

As far as applicable here, subdivision 1 of section 103 of the General Municipal Law requires that contracts for public work be awarded "to the lowest responsible bidder furnishing the required security". In May, 1979 the Department of General Services initiated a new procedure for contracts involving the expenditure of more than $5,000, requiring that the bid be accompanied by a financial statement. The prior practice had permitted submission of such a statement within 10 days after the bid. It appears that the change in the procedure resulted from the substantial delays, on occasions with lapses of up to six months, between the opening of the bid and the registration of the contract. As a result of the abuse generated by the prior practice, it was determined to apply a policy of strict enforcement to the "special notice to bidders", requiring the submission of the financial statement simultaneously with the bid.

We conclude that the determination of respondents was neither arbitrary nor capricious. The Department of General Services properly exercised its statutory duty in rejecting the bid since it failed to conform to the bid specifications and Special Term inappropriately substituted its discretion for that of the agency (see *Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28). It is a matter for the agency to determine whether the variance between the bid and specification is material or substantial in pursuance of the underlying purpose and policy to treat all

bidders alike so as to avoid the possibility of fraud, corruption or favoritism. In a proceeding to review any such determination, the judicial function is limited to whether the administrative action may be supported on any rational basis. It is beyond the scope of judicial review to consider the facts *de novo* nor may the court substitute its judgment for that of the agency (*Matter of Kayfield Constr. Corp. v Morris,* 15 AD2d 373, 378). Concur — Murphy, P. J., Sullivan, Ross, and Kassal, JJ.

Asch, J., dissents in a memorandum as follows: Petitioner initiated this CPLR article 78 proceeding seeking to have the Department of General Services of the City of New York rescind its rejection of petitioner's bid on a plumbing work contract at the New York Aquarium and directing the respondent Department to award the contract to petitioner or the lowest responsible bidder and further enjoining the respondent from awarding the contract or executing the contract with any other contractor.

It appears that the respondent Department, in an attempt to avoid the loss of Federal funding, rejected all bids submitted on November 24, 1980 and rebid the contract. Further the plumbing work was thereafter completed by the new lowest bidder.

Accordingly, the appeal herein should be dismissed as moot.