■ In the Matter of DONNO COMPANY, INC., Respondent, v BOARD OF TRUSTEES OF THE VILLAGE OF KINGS POINT et al., Appellants.—In an proceeding pursuant to CPLR article 78 to review a determination of the Village of Kings Point denying a bid award to the petitioner, the appeals are from a judgment of the Supreme Court, Nassau County (Robbins, J.), entered September 13, 1984, which set aside a contract for garbage removal and disposal entered into by the appellants and directed the appellant Board of Trustees of the Village of Kings Point to reopen bidding on the contract.

Judgment reversed, on the law, with one bill of costs, determination confirmed and proceeding dismissed on the merits.

While Special Term properly found that the bid specifications advertised by the appellant board of trustees were clear, we disagree with its holding, in effect, that the specifications required the use of "packerbody" garbage trucks in the performance of the contract. The published bid specifications for the contract awarded to appellant Daniel Finley Allen & Co., Inc., merely required that all vehicles used in the performance of the contract "be completely enclosed and so constructed as to prevent dripping of liquids onto streets or public or private property". Therefore, the fact that the appellants agreed, subsequent to the award of the contract, to allow appellant Daniel Finley Allen & Co., Inc., to use vehicles other than a "packerbody" type vehicle, is not a ground, in and of itself, to annul the contract and reopen the bidding. Such a remedy

would only be required if this subsequent agreement allowed for a material alteration of the published bid specifications which "impair[ed] the interests of the contracting public authority" or placed the successful bidder in a position of unfair economic advantage (see, Matter of Cataract Disposal v Town Bd., 53 NY2d 266, 272; Le Cesse Bros. Contr. v Town Bd., 62 AD2d 28, affd 46 NY2d 960). The record does not reveal that the appellant board of trustees acted arbitrarily or capriciously in its determination that the vehicle, with certain modifications, which appellant Daniel Finley Allen & Co., Inc., later proposed to use in performance of the contract, would meet the specifications, requiring a "completely enclosed" vehicle. Brown, J. P., Rubin, Lawrence and Kooper, JJ., concur.