■ In the Matter of VARSITY TRANSIT, INC., Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Respondents.—In a proceeding pursuant to CPLR article 78 to compel the Board of Education of the City of New York to declare certain contracts for the transportation of school children to be in default, to terminate those contracts, and to relet them in the manner required by law, and to prohibit the respondent board from awarding certain other contracts on the grounds of alleged improprieties in the bidding process, the petitioner appeals from a judgment of the Supreme Court, Kings County (Bernstein, J.), entered September 25, 1986, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The petitioner claims that the bid packages submitted by the respondent bus companies to the respondent Board of Education of the City of New York for contract No. 9888 for the transportation of school children failed to comply in various material respects with the bid specifications for this contract, and should thus be annulled. It is settled that a municipality or agency may waive a technical noncompliance with bid specifications if the defect is a mere irregularity and it is in the best interests of the municipality to do so. However, a municipality must reject the bid if the noncompliance

is material or substantial. Noncompliance is considered material only when it would impair the interests of the contracting public authority or place some of the bidders at a competitive disadvantage *(see, Matter of Cataract Disposal v Town Bd.,* 53 NY2d 266, 272; *Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, *affd* 46 NY2d 960 *on opn at App Div; Matter of Donno Co. v Board of Trustees,* 115 AD2d 603, 604). The governmental agency has the right to determine whether a variance from bid specifications is material or whether to waive it as a mere irregularity, and that determination must be upheld by the courts if supported by any rational basis *(see, Matter of C. K. Rehner, Inc. v City of New York,* 106 AD2d 268, 269-270). In the case at bar, we have reviewed all of the allegations of noncompliance and find that these were all mere irregularities of form or of a technical nature which the respondent Board of Education of the City of New York could properly waive. Moreover, almost all of the instances of noncompliance were "cured" shortly after the bids were submitted. Thus, those instances of noncompliance could not have put any one bidder at a competitive or economic disadvantage at the time the award was made *(see, e.g., Matter of Harran Transp. Co. v Board of Educ.,* 71 Misc 2d 143; *Matter of Rockland Bus Lines v Board of Educ.,* 43 Misc 2d 1060).

We have considered the petitioner's other claims and find them to be without merit. Rubin, J. P., Spatt, Sullivan and Harwood, JJ., concur.