■ In the Matter of WILSON OMNIBUS CORPORATION, Appel-

lant, v FALLSBURG CENTRAL SCHOOL DISTRICT et al., Respondents, and ROLLING V BUS CORPORATION, Intervenor-Respondent.—Kane, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered May 24, 1990 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent Board of Education of Fallsburg Central School District awarding two bus transportation contracts to intervenor.

Petitioner commenced this CPLR article 78 proceeding to annul two decisions by respondent Board of Education of Fallsburg Central School District (hereinafter respondent) which awarded transportation contracts to intervenor, the lowest bidder. Supreme Court found a rational basis for respondent's determinations and dismissed the petition. Petitioner has appealed.

We affirm. There is no merit to the arguments forwarded on appeal by petitioner, a competing bus company which submitted the only other bid for the contracts. We reject petitioner's argument that respondent was required to adopt a specific resolution authorizing bid advertisements for the transportation contracts. We can find nothing in the General Municipal Law that requires such detailed authorization and find that respondent's vote authorizing the district clerk "to advertise, open and record bids" was legally sufficient *(see,* General Municipal Law § 103 [2]). Nor can we agree with petitioner that the specific "vehicle information" required by the bid specifications impermissibly restricted competitive bidding. In this instance, petitioner provided the information in the complained of specifications and intervenor provided evidence that it would have the requirements therein "in time to perform its contractual obligations" *(Matter of Coram Bus Serv.,* 9 Ed Dept Rep 199, 200). Accordingly, it cannot be said that the specifications tended to " 'shut out competitive bidding or permit unfair advantage' " *(Gerzof v Sweeney,* 16 NY2d 206, 209, quoting *Matter of McNutt Co. v Eckert,* 257 NY 100, 104; *see,* 8 NYCRR 156.1 [d]).

We likewise reject petitioner's contention that material variations existed between the specifications and intervenor's bid such that respondent's acceptance of the latter disadvantaged petitioner. Whether differences between the bid specifications and the bid itself were "material" or "substantial" was for respondent to decide *(see, Matter of A&S Transp. Co. v County of Nassau,* 154 AD2d 456, 459), and the record reveals a rational basis for concluding that the discrepancies peti-

tioner complains of were no more than irregularities that fell within respondent's discretionary powers to waive *(see, Matter of Willets Point Contr. Corp. v Town Bd.,* 141 AD2d 735, 735-736, *lv denied* 72 NY2d 810). This is particularly so since we find that waiver in this instance results in no meaningful disadvantage to petitioner *(see, supra,* at 736), whereas there is significant savings involved in respondent accepting intervenor's lower bid *(see, Matter of Clancy-Cullen Stor. Co. v Board of Elections,* 98 AD2d 635, 637). We also find, again, no statutory requirement that such waiver take the form of a resolution by respondent.

Finally, we note that petitioner erroneously asserts that respondent's decision not to ask for security with each bid required the adoption of yet another resolution. Respondent's waiver was effectuated by awarding the contract to intervenor without requiring security as is within its discretion *(see, L. J. Coppola, Inc. v Park Mechanical Corp.,* 131 AD2d 641, 641-642; *Matter of Superior Hydraulic v Town Bd.,* 88 AD2d 404, 408-409, *appeal dismissed* 58 NY2d 824). In our view, this was purposefully done with waiver in mind and was all that was required *(see, L. J. Coppola, Inc. v Park Mechanical Corp., supra,* at 642). In light of the foregoing, Supreme Court properly dismissed the petition as meritless.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.