■ In the Matter of TONY'S BARGE SERVICE, INC., Respondent, v TOWN BOARD OF TOWN OF BROOKHAVEN et al., Appellants. [619 NYS2d 341] —In a proceeding pursuant to CPLR article 78 to review the bidding process and the award of a municipal contract by the Town Board of the Town of Brookhaven for the collection and disposal of refuse and recyclables at Fire Island Districts/Town-owned properties to Rant Ferry Corp., Rant Contracting, Inc., and/or Rant Ferry Service, Inc., the appeal is from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered June 9, 1994, which granted the petition.

Ordered that the judgment is affirmed, with one bill of costs payable by the appellants appearing separately and filing separate briefs.

The petitioner, Tony's Barge Service, Inc., objects to the award by the Town Board of the Town of Brookhaven of a municipal contract for the collection and disposal of refuse and recyclables at Fire Island Districts/Town-owned properties to Rant Ferry Corp., Rant Contracting, Inc., and/or Rant Ferry Service, Inc. (hereinafter collectively Rant). The petitioner commenced the instant article 78 proceeding, claiming

that Rant had failed to meet a number of bid specifications at the time it submitted its bid. These deficiencies included: making a contract deposit which was only 1/3 of the sum called for in the bid specifications; committing itself in its bid to the use of only four refuse collection vehicles, which would be inadequate for contract fulfillment; and failing to have the necessary licenses and certificates for its refuse collection barge at the time of the bidding. The petitioner further claimed that Rant Ferry Service, Inc., had not paid franchise taxes from September 1984 through September 1991; that Rant falsely represented in the bid questionnaire that it had never before defaulted on a contract awarded to it; and that Rant lacked sufficient corporate assets to assure performance of the instant contract. Consequently, the petitioner claimed that Rant was not a "responsible bidder", with the result that the petitioner was the "lowest responsible bidder". The Supreme Court agreed, and we now affirm.

The letting of public contracts is governed by General Municipal Law § 103. The statute was designed with the dual purpose of fostering honest competition in order that the municipality obtain the best work and supplies at the lowest possible price, and to guard against favoritism, improvidence, extravagance, fraud, and corruption *(Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, *affd* 46 NY2d 960). "Where the variance between the bid and the specification is material or substantial * * * the defect may not be waived and the municipality must reject the bid so that all bidders may be treated alike" *(Le Cresse Bros. Contr. v Town Bd., supra,* at 32).

As this Court has held in a comparable case: "a municipality may not allow a bidder to comply with specifications after bids have been submitted nor waive material variances in bids received * * * Were it otherwise, legitimate bidders who might have been willing to reduce their bids had they known that the specifications of the job would be relaxed, would be unfairly deprived of the opportunity to do so. This, combined with the danger of favoritism, fraud or corruption inherent in a selection process conducted under such circumstances, might well discourage contractors from bidding on future contracts, thus diminishing competition to the detriment of the public" *(Matter of Superior Hydraulic v Town Bd.,* 88 AD2d 404, 407-408).

Here, Rant had not complied with licensing and certification procedures at the time it submitted its bid, in direct contravention of the bid specification requiring compliance with all

applicable laws. Rant further tendered a contract security deposit of only 1/3 the amount required by the bid specifications. It also violated the applicable specifications because Rant Ferry Service, Inc., was in a state of "dissolution" for failure to pay corporate franchise taxes at the time Rant submitted its bid, as a consequence of which Rant Ferry Service, Inc., did not have the required freight license as required by the specifications. Viewing the totality of the circumstances, the court correctly determined that Rant was an unprepared bidder at the time of bidding and properly annulled and set aside the contract. Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.