■ In the Matter of SUIT-KOTE CORPORATION et al., Appellants, v CITY OF BINGHAMTON BOARD OF CONTRACT AND SUPPLY et al., Respondents. [628 NYS2d 861] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Coutant, J.), entered August 4, 1994 in Broome County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent City of Binghamton Board of Contract and Supply awarding a municipal contract to respondent Vestal Asphalt, Inc.

The issue before us is whether Supreme Court erred in affirming the award by respondent City of Binghamton Board of Contract and Supply (hereinafter the Board) of a municipal contract to respondent Vestal Asphalt, Inc. in light of Vestal's failure to meet the letter of the terms of a prior work experience requirement called for in the bid specifications.

Petitioner Suit-Kote Corporation and Vestal submitted bids on two municipal contracts, the first entitled "pavement profiling" and the second entitled "recycle asphalt base". Contract No. 1 called for the surface layer of the asphalt roadway to be removed, and in contract No. 2 it was to be mixed with an asphalt emulsion which is reprocessed and reapplied to the

road. The latter contract required that a contractor, to be deemed qualified, must have supplied and manufactured "High Float Emulsifier Rejuvenating Agent" (hereinafter HFRA) on four successful projects in the past year. Suit-Kote, the unsuccessful bidder on the second contract, commenced this CPLR article 78 proceeding seeking rescission of the award of the recycle asphalt base contract to Vestal and a direction that the Board award the contract to Suit-Kote. Supreme Court's dismissal of the petition prompted this appeal.

Petitioners argue that Vestal is not a "responsible bidder" under General Municipal Law § 103 (1) because it failed to demonstrate that it complied with the bid specifications, namely, that it had failed to demonstrate that it successfully manufactured and supplied HFRA on four successful projects in the past year.*

The record discloses that the City Engineer personally inspected Vestal's facilities, including its laboratories and manufacturing operations, and concluded that the bid requirements were met. Although Vestal had not performed four HFRA projects in the last year, the engineer concluded that the projects Vestal had performed complied with the specifications and were of a sufficiently similar nature to allow it to bid. He opined that a strict interpretation of the bidder qualifications urged by petitioners would unnecessarily limit the number of bids for the project and discourage competition. The City Commissioner of Public Works concurred with the decision to admit Vestal to the bidding project so as to provide meaningful competition to Suit-Kote.

The decision of the Board should be upheld if supported by a rational basis (see, Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth., 66 NY2d 144, 149). Further, the purpose of the laws requiring competitive bidding are intended to foster competition to obtain the best work or supplies at the lowest possible price (see, Associated Bldrs. & Contrs. v City of Rochester, 67 NY2d 854, 855). The Board has the power to decide whether differences between the bid specifications and

---

* Respondents argue that the relief requested by petitioners is unavailable because the asphalt recycle base contract has now been completed and, thus, a direct remedy is unavailable. However, even if the contract has been fully performed by Vestal, the suit retains its vitality because petitioners have standing to sue to ensure that the preparation of bid proposals, and the awarding of public works contracts, are performed in accordance with the General Municipal Law (see, Matter of Louis G. Bianchi, Inc. v City of Troy, 92 AD2d 960). Further, that a direct remedy is unavailable to petitioners is not an impediment (see, ibid.). Thus, respondents' argument in this regard is without merit.

the bid itself are material (*see, Matter of Wilson Omnibus Corp. v Fallsburg Cent. School Dist.*, 167 AD2d 803, 804).

We conclude that a rational basis exists for the decision of the Board to award the recycle asphalt base contract to Vestal based on the investigation and assertions of the City Engineer and the Commissioner of Public Works. Further, the Board's decision to waive the experience requirements of the bid specification was rationally based and properly within the Board's discretion. The Board rationally concluded that Vestal had the experience necessary to successfully complete the recycle base contract at the lowest price based on its similar work experience. We conclude that the waiver was not a material deviation from the contract.

We find petitioners' other contentions to be without merit.

Crew III, White and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.