■ In the Matter of T.F.D. Bus Co., Inc., Appellant, v City School District of Mount Vernon et al., Respondents. [655 NYS2d 549] —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent City School District of Mount Vernon to award certain transportation contracts to the respondents Miles Square Transportation, Inc., and Advance Transit Company, Inc., the petitioner appeals from a judgment of the Supreme Court, Westchester County (Rudolph, J.), entered July 1, 1996, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On May 1, 1996, the City School District of Mount Vernon (hereinafter the School District) solicited bids for the transportation of school children residing within the City of Mount

Vernon. Approximately three weeks later, on May 22, 1996, all submitted bids were opened by School District administration officials. The respondent Miles Square Transportation, Inc. (hereinafter Miles Square) was the lowest responsible bidder on item 29 of the bid specification, and the respondent Advance Transit Company, Inc. (hereinafter Advance Transit) was the lowest responsible bidder on items 28 and 30 of the bid specification. The petitioner, who unsuccessfully bid for the above items, commenced the instant CPLR article 78 proceeding challenging the contract awards.

Central to the determination of this appeal is whether variances in the bids of Miles Square and Advance Transit were material defects that could not be waived or cured after the bids were opened or whether they were merely technical irregularities that could be waived by the municipality or subsequently remedied.

In determining whether a certain noncompliance constitutes a material and thus nonwaivable irregularity, the courts have fashioned a two-prong test. First, "whether the effect of a waiver would be to deprive the municipality of its assurance that the contract will be entered into, performed and guaranteed according to its specified requirements, and second, whether it is of such a nature that its waiver would adversely affect competitive bidding by placing a bidder in a position of advantage over other bidders or by otherwise undermining the necessary common standard of competition" (10 McQuillan, Municipal Corporations § 29.65, at 462-463 [3d ed rev]; *see, Matter of Varsity Tr. v Board of Educ.*, 130 AD2d 581, 582; *Le Cesse Bros. Contr. v Town Bd.*, 62 AD2d 28, 32, *affd* 46 NY2d 960). The municipal agency has the authority to determine whether a variance from bid specifications is material or whether to waive it as a mere irregularity, and that determination must be upheld by the courts if supported by any rational basis (*see, Matter of Suit-Kote Corp. v City of Binghamton Bd. of Contract & Supply*, 216 AD2d 831, 832-833; *Matter of Varsity Tr. v Board of Educ., supra*, at 582; *Matter of C. K. Rehner, Inc. [City of New York]*, 106 AD2d 268, 269-270).

In the instant case, the variances in the bids of Miles Square and Advance Transit neither deprived the School District of its guarantee that the contracts would be performed nor granted the successful bidders an advantage over their fellow competitors. Rather, the noncompliance involved mere technical irregularities that could be properly waived by the School District without there being any corresponding frustration of the policies underlying competitive bidding. This is particularly

so here, as the municipality expressly reserved the right to waive such defects in the bid specification and there is no indication of any fraud, bad faith, or collusion surrounding the transactions.

Inasmuch as the School District's determination was supported by a rational basis, we decline to disturb it on appeal (*see, Matter of Suit-Kote Corp. v City of Binghamton Bd. of Contract & Supply, supra; Matter of Varsity Tr. v Board of Educ., supra*, at 582; *Matter of C. K. Rehner, Inc. [City of New York], supra*). Friedmann, J. P., Florio, McGinity and Luciano, JJ., concur.