■ In the Matter of ELDOR CONTRACTING CORP., Appellant, v SUFFOLK COUNTY WATER AUTHORITY et al., Respondents. [703 NYS2d 535] —In a proceeding pursuant to CPLR article 78, *inter alia*, to review a determination of the respondent Suffolk County Water Authority dated August 3, 1998, to award a waterworks contract to the respondent Systems Analysis and Integration, Inc., the petitioner appeals from (1) a decision of the Supreme Court, Suffolk County (Kitson, J.), dated November 24, 1998, and (2) a judgment of the same court dated January 15, 1999, which denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The respondent Suffolk County Water Authority (hereinafter the SCWA), a public benefit corporation, sought bids for a project to upgrade the data transmission and communication system at approximately 230 pump stations throughout Suffolk County. The petitioner, an unsuccessful bidder, commenced the instant proceeding pursuant to CPLR article 78 challenging the contract awarded to the respondent Systems Analysis and Integrated, Inc. (hereinafter SSI).

Contrary to the petitioner's contention, the bid of SSI did not deviate from the contract specifications either with respect to the electrical licensing requirements or in failing to identify an electrical subcontractor (*cf., Matter of Tony's Barge Serv. v Town Bd.,* 210 AD2d 234).

The petitioner claims that SSI did not comply with the submission of necessary software development data. "In determining whether a certain noncompliance constitutes a material and thus nonwaivable irregularity, the courts have fashioned a two-prong test. First, 'whether the effect of a waiver would be to deprive the municipality of its assurance that the contract will be entered into, performed and guaranteed according to its specified requirements, and second, whether it is of such a nature that its waiver would adversely affect competitive bidding by placing a bidder in a position of advantage over other bidders or by otherwise undermining the necessary common standard of competition' " (*Matter of T.F.D. Bus Co. v City School Dist.,* 237 AD2d 448, 449, quoting 10 McQuillan, Municipal Corporations § 29.65, at 462-463 [3d ed rev]; *see also, Matter of Varsity Tr. v Board of Educ.,* 130 AD2d 581, 582; *Le Cesse Bros. Contr. v Town Bd.,* 62 AD2d 28, 32, *affd* 46 NY2d 960).

The determination by the SCWA to waive technical irregularities is supported by a rational basis (*see, Matter of Cataract Disposal v Town Bd.,* 53 NY2d 266, 272; *Matter of T.F.D. Bus Co. v City School Dist., supra*; *Matter of Suit-Kote Corp. v City of Binghamton Bd. of Contract & Supply,* 216 AD2d 831, 832-833). Moreover, given that the bid of SSI was considerably lower than the petitioner's bid, it was in the best interests of the SCWA to waive the alleged irregularities (*see, Matter of Willets Point Contr. Corp. v Town Bd.,* 141 AD2d 735).

The petitioner's remaining contention is without merit. Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.