■ In the Matter of HAMLIN CONSTRUCTION COMPANY, INC., Appellant, v COUNTY OF ULSTER, Respondent. [753 NYS2d 602] —Crew III, J.P. Appeal from a judgment of the Supreme Court (Bradley, J.), entered December 17, 2001 in Ulster County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which awarded a contract to Bombard Excavating Corporation.

On August 30, 2001, respondent's purchasing department issued an invitation to bid regarding "Rip-Rap Installation for Yagerville Road." Such notice provided that bids would be opened at 2:00 P.M. on September 12, 2001, and the general conditions appended thereto indicated that "[a]ll bids received after the time stated for the opening * * * may not be considered and will be returned unopened to the bidder." Petitioner's bid in the amount of $351,975 was hand delivered to respondent's purchasing department in a timely fashion and opened.

Approximately one hour after the bids were opened, a representative of Bombard Excavating Corporation contacted respondent's purchasing agent to inquire as to the results of the bid. When asked why Bombard had failed to bid on the project, the representative stated that Bombard had submitted

its bid via Federal Express on September 11, 2001 for delivery by 12:00 P.M. on September 12, 2001. As a result of the terrorists attacks that occurred on September 11, 2001, however, all mail was halted, and Bombard's bid was not received by respondent until September 14, 2001. After verifying that Bombard's bid had been in the exclusive possession of Federal Express from the time it was picked up on September 11, 2001 and delivered on September 14, 2001, respondent opened Bombard's bid, which was substantially lower than the bid submitted by petitioner, and awarded the contract to Bombard.

Petitioner thereafter commenced this proceeding pursuant to CPLR article 78 seeking to annul the award of the bid to Bombard. Supreme Court dismissed the petition, finding that respondent did not act in an arbitrary or capricious manner in awarding the underlying contract to Bombard. This appeal by petitioner ensued.

We affirm. Although respondent plainly was vested with the discretion to reject the bid submitted by Bombard as untimely (*see Matter of George A. Nole & Son v Board of Educ. of City School Dist. of Norwich*, 129 AD2d 873), it is equally clear that respondent also possessed the authority to waive noncompliance with the bid specifications if such noncompliance constituted a mere irregularity and it was in respondent's best interest to do so (*see Matter of T.F.D. Bus Co. v City School Dist. of Mount Vernon*, 237 AD2d 448, 449; *Matter of Clancy-Cullen Stor. Co. v Board of Elections of City of N.Y.*, 98 AD2d 635, 637; *see also Matter of Eldor Contr. Corp. v Suffolk County Water Auth.*, 270 AD2d 262, 263; *Matter of Vancom-New York, Inc. v County of Nassau*, 203 AD2d 581, 582). In determining whether any such variations were material, we must ascertain first " 'whether the effect of a waiver would be to deprive the municipality of its assurance that the contract will be entered into, performed and guaranteed according to its specified requirements, and second, whether it is of such a nature that its waiver would adversely affect competitive bidding by placing a bidder in a position of advantage over other bidders or by otherwise undermining the necessary common standard of competition' " (*Matter of T.F.D. Bus Co. v City School Dist. of Mount Vernon, supra* at 449, quoting 10 McQuillan, Municipal Corporations § 29.65, at 462-463 [3d ed rev]; *see Matter of Eldor Contr. Corp. v Suffolk County Water Auth., supra* at 263). If a municipality's determination in this regard is supported by any rational basis, it must be upheld (*see Matter of T.F.D. Bus Co. v City School Dist. of Mount Vernon, supra* at 449; *Matter of Clancy-Cullen Stor. Co. v Board of Elections of City of N.Y., supra* at 637).

Here, respondent concluded that given the events of September 11, 2001 and the unforeseeable halt of mail service that ensued, it was not irrational for it to open Bombard's bid once it actually was delivered, particularly given that respondent had ascertained to its satisfaction that the bid was delivered to Federal Express in a timely fashion and remained in the exclusive possession and control of Federal Express during the relevant time period and, hence, there was no opportunity for Bombard to gain a competitive advantage over petitioner. Respondent also concluded that inasmuch as the acceptance of Bombard's bid resulted in a savings to its taxpayers of approximately $107,000, it was in respondent's best interest to excuse Bombard's technical noncompliance with the bid specifications. Given the particular facts of this case, we cannot say that respondent's determination in this regard was irrational. Contrary to petitioner's wholly unsubstantiated claims, there is nothing in the record to even remotely suggest that Bombard had any knowledge of the contents of petitioner's bid prior to submitting its own bid. Inasmuch as the record fails to disclose any fraud, collusion, dishonesty or competitive advantage in the bidding process, and in light of the substantial savings to respondent (*see Matter of Wilson Omnibus Corp. v Fallsburg Cent. School Dist.*, 167 AD2d 803, 805), we conclude that Supreme Court properly dismissed the petition.

Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.