■ In the Matter of HUNGERFORD & TERRY, INC., Respondent, v SUFFOLK COUNTY WATER AUTHORITY, Appellant, and EAGLE CONTROL CORP., Respondent. [785 NYS2d 506]—

In a proceeding pursuant to CPLR article 78, inter alia, to annul an award by the Suffolk County Water Authority of a public water treatment contract to Eagle Control Corp., the Suffolk County Water Authority appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Werner, J.), dated June 26, 2003, as granted the petition to the extent of annulling the award and directed it to reopen the bidding for the contract.

Ordered that on the court's own motion, the notice of appeal from the order is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, the award is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the appellant.

On January 30, 2003, the appellant, Suffolk County Water Authority (hereinafter the SCWA), solicited sealed bids for the supply and installation of iron and manganese filtration systems and related services at two of its well field/pump stations. The bid specifications provided that the filtration system be manufactured by either the petitioner, Hungerford & Terry, Inc., Pureflow Filtration Division (hereinafter Pureflow), Tonka Equipment Company, Layne, or an "approved equal." The petitioner, an unsuccessful bidder, commenced this proceeding pursuant to CPLR article 78 challenging the award of the contract to Eagle Control Corp. (hereinafter Eagle), alleging that Eagle's bid proposal, which utilized the Pureflow filtration system, failed to comply in various material respects with the bid specifications for this contract. Determining that Eagle gained an unfair advantage by omitting from its bid a required item of equipment, i.e., a supplemental air wash distributor, the Supreme Court granted the petition to the extent of annulling the award of a contract to Eagle and remitted the matter to the SCWA to reopen the bidding for the contract. We reverse insofar as appealed from.

A municipality or agency may waive a technical noncompliance with bid specifications if the defect is a mere irregularity and it is in the best interest of the municipality to do so. However, a municipality must reject the bid if the noncompliance is material or substantial. Noncompliance is considered material only when it would impair the interests of the contracting public authority or place some of the bidders at a competitive disadvantage (see Matter of Cataract Disposal v Town Bd. of Town of Newfane, 53 NY2d 266, 272 [1981]; Le Cesse Bros. Contr. v Town Bd. of Town of Williamson, 62 AD2d 28 [1978], affd 46 NY2d 960 [1979]; Matter of Donno Co. v Board of Trustees of Vil. of Kings Point, 115 AD2d 603, 604 [1985]). The governmental agency has the right to determine whether a variance from bid specifications is material or whether to waive it as a mere irregularity, and that determination must be upheld by the courts if supported by any rational basis (see Matter of Vancom-New York, Inc. v County of Nassau, 203 AD2d 581 [1994]; Matter of A&S Transp. Co. v County of Nassau, 154 AD2d 456, 459 [1989]; Matter of Varsity Tr. v Board of Educ. of City of N.Y., 130 AD2d 581, 582 [1987]).

The unrefuted affidavit of a representative of the SCWA established that the use of a supplemental air wash distributor with the Pureflow filtration system is not necessary to meet performance standards. Accordingly, the determination of the SCWA that Eagle's alleged noncompliance involved a mere

technical irregularity which it could properly waive was supported by a rational basis (*see Matter of T.F.D. Bus Co. v City School Dist. of Mount Vernon,* 237 AD2d 448 [1997]). Moreover, given that Eagle's bid was nearly $40,000 lower than the petitioner's bid, it was in the SCWA's best interests to so waive (*see Matter of Eldor Contr. Corp. v Suffolk County Water Auth.,* 270 AD2d 262 [2000]).

We have reviewed the remaining allegations of noncompliance and find that Eagle's bid did not otherwise deviate from the contract specifications. Accordingly, the SCWA properly awarded the contract to Eagle. Santucci, J.P., Schmidt, Adams and Skelos, JJ., concur.