In the Matter of TERRAFERMA ELECTRICAL CONSTRUCTION Co., INC., Appellant, v CITY OF NEW YORK et al., Respondents.
[818 NYS2d 147]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the respondent New York City Department of Environmental Protection dated September 28, 2005, in effect, to award a municipal contract to the respondent Schlesinger-Siemens, LLC, the petitioner appeals from a judgment of the Supreme Court, Queens County (Kitzes, J.), dated January 9, 2006, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

In this matter, the respondent New York City Department of Environmental Protection (hereinafter the DEP) awarded a municipal contract to the respondent Schlesinger-Siemens, LLC (hereinafter LLC). Initially, LLC used the wrong bid sheet, which contained a line item of $400,000 for a "contingency work allowance." The correct bid sheet was in all material respects identical to the wrong one, save for the deletion of that $400,000 item. Thus, LLC's bid was unnecessarily increased by $400,000. LLC's bid was $620,000 less than that of the petitioner, even with the $400,000 item included. Nevertheless, the DEP rejected LLC's bid as "non-responsive" because it used the wrong bid sheet. After pursuing a successful administrative appeal, the DEP allowed LLC to submit the correct bid sheet. With the elimination of the $400,000 contingency work allowance item, LLC's bid then was $1,020,000 less than that of the petitioner. LLC was awarded the contract. The petitioner unsuccessfully protested LLC's administrative victory.

The petitioner then brought the instant CPLR article 78 proceeding, seeking, inter alia, to review the DEP's final determination awarding the subject contract to LLC. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

It was the petitioner's burden to establish that the contract was improperly awarded to LLC (*see I. Janvey & Sons v County of Nassau*, 60 NY2d 887, 889 [1983]). It failed to do so. The alleged noncompliance at bar—use of the wrong bid sheet—was a

mere "irregularit[y] of form or of a technical nature which the [DEP] could properly waive" (*Matter of Varsity Tr. v Board of Educ. of City of N.Y.*, 130 AD2d 581 [1987]; *see* 9 RCNY 3-02 [m] [1], [3] [ii]). In this case, the DEP rationally concluded that permitting LLC to correct its mistake did not accord LLC an unfair competitive advantage over the petitioner, since LLC always was the lower bidder. Further, the DEP rationally concluded that waiver of the error would save the DEP an additional $400,000, which clearly was in its best interests (*see Matter of Hungerford & Terry, Inc. v Suffolk County Water Auth.*, 12 AD3d 675 [2004]; *Matter of Eldor Contr. Corp. v Suffolk County Water Auth.*, 270 AD2d 262, 263 [2000]; *see also Matter of Cataract Disposal v Town Bd. of Town of Newfane*, 53 NY2d 266, 272 [1981]; *Matter of Willets Point Contr. Corp. v Town Bd. of Town of Oyster Bay*, 141 AD2d 735; *Matter of Varsity Tr. v Board of Educ. of City of N.Y., supra*).

Accordingly, the Supreme Court properly denied the petition and dismissed the proceeding. Miller, J.P., Ritter, Goldstein and Lunn, JJ., concur.