■ AWL INDUSTRIES, INC., Respondent, v TRIBOROUGH BRIDGE AND TUNNEL AUTHORITY et al., Appellants. [837 NYS2d 126]—

Judgment, Supreme Court, New York County (Karen Smith, J.), entered December 27, 2006, granting the petition to annul the award of a contract by respondent Triborough Bridge and Tunnel Authority (TBTA) to respondent Alps Mechanical, and directing TBTA to reopen the bidding, unanimously reversed,

on the law, without costs, the petition denied and the proceeding dismissed.

TBTA issued a request for proposals (RFP) requiring, inter alia, that a proposer have "a minimum of 10 years experience managing, improving, and handling the HVAC maintenance program for large industrial/commercial facilities where total annual contracts are at least $5 million." The court concluded that the award of the contract to Alps was without any rational basis because, in evaluating Alps's experience, TBTA relied on contracts that had recently been awarded or had not been substantially performed. This was error.

In a proceeding seeking judicial review of administrative action, it is settled that a "court may not substitute its judgment for that of the agency responsible for making the determination, but must ascertain only whether there is a rational basis for the decision or whether it is arbitrary and capricious" (*Flacke v Onondaga Landfill Sys.*, 69 NY2d 355, 363 [1987]). Where the judgment of an agency involves factual evaluations in the area of that agency's expertise and is supported by the record, such judgment must be accorded great weight and judicial deference (*id.*). In such circumstances, a "reviewing court may not reevaluate the weight accorded the evidence adduced . . . since the duty of weighing the evidence, interpreting relevant statutes and making the determination rests solely in the expertise of the agency" (*Matter of P & C Giampilis Constr. Corp. v Diamond*, 210 AD2d 64, 65 [1994]).

Here, TBTA's determination to award the contract to Alps is supported by a rational basis in the record, showing that Alps had the requisite experience to perform the contract and offered to do so at a better price than petitioner. Alps had been in business for over 23 years and had contracts in excess of $50 million in the nine years preceding the submission of the proposal. In concluding that Alps failed to meet the requirements of the RFP, the court improperly usurped the authority of TBTA to evaluate the qualifications of the proposers and imposed criteria that were not specified in the RFP. The RFP does not require that only completed or substantially completed contracts count as experience. The RFP does not exclude recently completed work from consideration or place a lower value on that work, nor does it require that the contracts be evenly distributed over the 10-year period.

In any event, an "RFP is a more flexible alternative to competitive bidding," and while it is true that all who submit proposals must be treated fairly, there is no legal requirement that a final contract must conform to the original RFP (*Matter*

*of Madison Sq. Garden, L.P. v New York Metro. Transp. Auth.*, 19 AD3d 284, 286 [2005], *appeal dismissed* 5 NY3d 878 [2005]). As the court acknowledged, even in the stricter context of competitive bidding, an agency has the authority to waive noncompliance with bid specifications if such noncompliance constituted a mere irregularity and it was in the agency's best interest to do so (*Matter of T.F.D. Bus Co. v City School Dist. of Mount Vernon*, 237 AD2d 448, 449 [1997]; *see also Matter of Hamlin Constr. Co. v County of Ulster*, 301 AD2d 848, 849 [2003]; *Matter of Clancy-Cullen Stor. Co. v Board of Elections of City of N.Y.*, 98 AD2d 635, 637 [1983]). Therefore, even if Alps's submission deviated from the specifications of the RFP, TBTA could properly deem such divergence immaterial and waive it in light of Alps's experience and the public cost savings.

Finally, where there is no evidence of fraud or collusion, a public procurement contract awarded under Public Authorities Law § 2879 is not rendered invalid by noncompliance with the statute (*see* § 2879 [9]; *see also Taylor-Fichter Steel Constr. Co., Inc. v Triborough Bridge Auth.*, 241 App Div 75, 77 [1934]). Concur—Tom, J.P., Saxe, Marlow, Sullivan and Williams, JJ.