Garcia, J.
(dissenting). ACME, an unsuccessful bidder, seeks to vacate a contract that Orange County awarded to the lowest *428 bidder after evaluating all proposals pursuant to a proper RFP. ACME bore the burden here of demonstrating “actual impropriety, unfair dealing or some other violation of statutory requirements when challenging an award of a public contract” (Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist., 91 NY2d 51, 55 [1997] [internal quotation marks omitted]). Because ACME has failed to demonstrate that this contract was awarded arbitrarily and capriciously or without rational basis, I would decline to set aside Orange County’s decision.
ACME submitted two proposals, one with pricing for each zone separately and one with combined, discounted pricing for all three zones. There is no dispute that in terms of cost— under both proposals—ACME was the most expensive. Nevertheless, the majority faults Orange County for awarding the contract to the lower bidder because of what it characterizes as a wholesale “deviation] from the criteria specified in its RFP” (majority op at 424). A review of the language of the RFP and the review by Orange County of the proposals shows that this was not the case.
The RFP stated that the cost category would be worth 20% of the overall score, demonstrating Orange County’s assessment of the weight to be given to this important factor. Further, the RFP noted this category would be scored on a “percentage to points” ratio and provided an example of how this ratio would be applied:
“The Offeror submitting the lowest cost proposal will be awarded 20 points. Awarding of points to the remaining Offerors will be based on percentage to points ratio; example: if the total cost between the lowest Offeror and the next lowest Offeror is 10% then Offeror two will have 2 points deducted from the maximum score of 20” (emphasis added).
The majority describes the example’s language as “emphatic” (majority op at 424). But the language is far from emphatic, nor does it contain any language that supports the majority’s interpretation of the example as mandatory. The RFP could have stated that “the percentage to points ratio will use the following formula.” Instead, the RFP stated that it would use a percentage to points ratio, and then provided a hypothetical example of its application. While Orange County did not apply the formula given in the example, a rational basis existed for applying the ratio used, and the failure to do so is not *429 equivalent to changing the RFP’s criteria (see Awl Indus., Inc. v Triborough Bridge & Tunnel Auth., 41 AD3d 141, 142-143 [1st Dept 2007]).
The scorer of the cost category explained that the formula actually applied differed from the example provided in the RFP in an attempt to “establish a point to percentage ratio that could be applied to each and every cost proposal in each zone fairly and accurately representing the proposed costing impact to the County” in light of a very small difference in price between the lowest bidder VW and the next lowest bidder Quality. The record supports this argument. Orange County rationally decided that had it applied the ratio as demonstrated in the RFP example, the significant price differential between ACME and the other proposals would not have been adequately reflected and so the differential in the points awarded would not have accurately reflected the weight to be given to this cost consideration. As the example was just that—an example—the decision to deviate from the hypothetical was not a failure to follow the agency’s own rules (see majority op at 425) and was not arbitrary and capricious. Moreover, the formula actually used by Orange County ensured that the final awards accurately reflected cost. Had the formula in the example been used instead,* the proposals would have been scored in a way that did not appropriately “assure the prudent and economical use of public moneys in the best interests of the taxpayers” (General Municipal Law § 104-b [1]). Accordingly, Orange County’s decision not to apply the percentage to points ratio in the exact manner described in the RFP’s example had a rational basis and ACME has failed to demonstrate “favoritism, improvidence, fraud [or] corruption stemming from the process used to award the subject school transportation contracts” (Acme Bus Corp., 91 NY2d at 56 [internal quotation marks omitted]).
Orange County’s actions here were entirely consistent with the guiding principles of General Municipal Law § 104-b governing the RFP process, which is intended to be less stringent than section 103’s competitive bidding procedures *430 (see Matter of Quest Diagnostics Inc. v County of Suffolk, 21 Misc 3d 944, 951 [Sup Ct, Suffolk County 2008] [noting that the legislature intended by means of General Municipal Law § 104-b to “afford( ) the municipalities a measure of discretion in determining what constitutes their best interests”]; Awl Indus., 41 AD3d at 142-143 [“(W)hile it is true that all who submit proposals (under RFPs) must be treated fairly, there is no legal requirement that a final contract must conform to the original RFP”]). The majority relies heavily on cases discussing contracts awarded pursuant to General Municipal Law § 103, which is inapplicable to the RFP process here. The fact that section 104-b bestows the counties with increased flexibility in the conduct of their RFPs than that which applies under section 103 is unacknowledged by the majority. Even the cases applying section 103 on which the majority relies, however, focus on preventing municipalities from awarding a contract to a “higher bid” (majority op at 425, 426-427, citing Matter of AAA Carting & Rubbish Removal, Inc. v Town of Southeast, 17 NY3d 136, 144 [2011]). While we agree with the majority that section 104-b, like section 103, focuses on protection of the public fisc and prevention of fraud, the majority’s holding undoes an award that protected the former without any evidence at all that Orange County acted with improper motives.
In addition, the majority’s analysis of Orange County’s procurement policy overlooks the fact that, had Orange County awarded the contract to ACME, it would have had to address the requirements of section 104-b. Section 104-b mandates a written justification when an award does not go to the lowest priced proposal that must address “how such an award furthers the public good; assures the prudent use of taxpayers’ money; ensures that the purchased goods are of the best quality at the lowest possible cost in light of the circumstances existing; and guards against favoritism, extravagance, fraud and/or corruption” (County of Orange Procurement Policy part V [B] [Mar. 2012]). An award to ACME, as a higher bidder, would have required Orange County to submit such a written justification addressing those factors, yet the record does not demonstrate that Orange County would have been able to articulate proper justifications sufficient to comply with this policy, in light of the $68,000 per month cost difference between ACME and VW. Its only justification would have been its inability to deviate from an example of the formula provided in the RFP despite the fact that it did not accurately account for cost differential.
*431 It seems unfair to suggest that refusing to overturn as arbitrary and capricious a county’s use of a ratio that more accurately reflects the cost differential among bidders, and results in the award of the relevant contract to the lowest bidder, will result in a green light for municipal employees to engage in impropriety (majority op at 427). Rather, the majority’s holding empowers losing bidders to sue counties immediately upon the award of the contract to a lower bidder, and will require counties to factor into their budgets the cost of CPLR article 78 proceedings and Freedom of Information Law requests following the conduct of any RFP process (see e.g. Matter of Acme Bus Corp. v County of Suffolk, 136 AD3d 896 [2d Dept 2016]; Matter of Wilson Omnibus Corp. v Fallsburg Cent. School Dist., 167 AD2d 803 [3d Dept 1990]).
Had Orange County provided no example, it could have justified its choice of the actual formula as rational, indeed prudent. Perhaps the only lesson from today’s decision is that counties should leave themselves the flexibility afforded by section 104-b by not providing any such guidance or by making clear that any example is just that and not an invitation for costly litigation that ultimately undermines the very purpose of that statute.
Chief Judge DiFiore and Judges Rivera, Abdus-Salaam and Stein concur; Judge Garcia dissents and votes to affirm in an opinion in which Judge Pigott concurs.
Order reversed, with costs, and matter remitted to Supreme Court, Orange County, for further proceedings in accordance with the opinion herein.

 Even if the proposals had been scored in complete compliance with the descriptive example provided in the RFP, ACME still would have scored lower in the cost category than Quality in zones 1 and 2. While ACME would have had a higher total score than VW in zone 3 under that formula, VW’s proposal still cost approximately $68,000 per month less than ACME’s in zone 3.