Tully Constr. Co., Inc. v New York City Dept. of Design & Constr. (2021 NY Slip Op 06933)





Tully Constr. Co., Inc. v New York City Dept. of Design & Constr.


2021 NY Slip Op 06933


Decided on December 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 09, 2021

Before: Kapnick, J.P., Moulton, González, Rodriguez, Pitt, JJ. 


Index No. 154035/21 Appeal No. 14814 Case No. 2021-02761 

[*1]Tully Construction Co., Inc., Plaintiff/Petitioner-Appellant,
v
New York City Department of Design and Construction, et al., Defendants/Respondents-Respondents.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone, LLP, White Plains (Jeffrey A. Cohen of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Kate Fletcher of counsel), for New York City Department of Design and Construction, Jamie Torres-Springer, New York City Comptroller and Scott M. Stringer, respondents.
Pillsbury Winthrop Shaw Pittman LLP, New York (E. Leo Milonas of counsel), and Goulston & Storrs, New York (Rhian Cull of the bar of the Commonwealth of Massachusetts, admitted pro hac vice, of counsel), for IPC Resiliency Partners, respondent.



Judgment (denominated an order), Supreme Court, New York County (Eileen A. Rakower, J.), entered on or about July 16, 2021, which, in this hybrid article 78 proceeding and declaratory judgment action, denied the petition seeking, inter alia, an order annulling the determination of defendant-respondent New York City Department of Design and Construction (DDC), dated March 25, 2021, to award a contract to defendant-respondent IPC Resiliency Partners (IPC), and directing DDC to award the contract to petitioner Tully Construction Co., Inc. (Tully), or to rebid the subject project, and dismissed the proceeding, unanimously affirmed, without costs.
DDC's determination to award the subject project contract to IPC was not arbitrary and capricious or affected by any error of law (see Matter of West Irondequoit Teachers Assn. v Helsby, 35 NY2d 46, 50 [1974]; Matter of AAA Carting & Rubbish Removal, Inc. v Town of Clarkstown, 132 AD3d 857, 859 [2d Dept 2015], lv denied 26 NY3d 918 [2016]). DDC rationally determined that IPC, a joint venturer comprised of three venture partners — Iovino Affiliates, Posillico, Inc., and CAC Industries, Inc. (CAC) — could submit the prior year revenues of its constituent venturers, to meet an annual revenue requirement specified in the bid materials. Indeed, given the typically project-specific nature of joint ventures, which is definitionally "a partnership for a limited purpose" (Gramercy Equities Corp. v Dumont, 72 NY2d 560, 565 [1988]), IPC would not be likely to have venture-wide past-year revenues, so that it would make little sense to bar it from pointing to past-year revenues of its members (see Matter of Nager Elec. Co. v Office of Gen. Serv. of State of N.Y., 56 Misc 2d 975, 977-978 [Sup Ct, Albany County 1967], affd 30 AD2d 626 [3d Dept 1968], lv denied 22 NY2d 645 [1968]).
DDC also rationally looked to all of the revenues of Iovino Affiliates, one of IPC's three constituent venturers, which was itself a joint venture comprised of three commonly-owned entities — MLJ Contracting Corp. (MLJ), Welkin Mechanical, and J-Track LLC. DDC rationally exercised its discretion to disregard, as a "mere irregularity," a misstatement on the Bid Form that MLJ alone, rather than Iovino Affiliates, was, along with Posillico and CAC, one of IPC's three constituent venture partners (Awl Indus., Inc. v Triborough Bridge & Tunnel Auth., 41 AD3d 141, 143 [1st Dept 2007]). IPC's "Special Experience Requirements" statement, submitted together with the Bid Form, correctly identified Iovino Affiliates as the third venturer, along with Posillico and CAC, and correctly set forth the three venturers' aggregate past-year revenues. Under these circumstances, DDC rationally found IPC to be a "responsible bidder" (9 RCNY 1-01[e]). Nor did DDC's disregard of the irregularity unfairly advantage IPC over Tully or otherwise jeopardize the fairness and integrity of the competitive bidding process (see Matter of Hamlin Constr. Co. v County of Ulster, 301 [*2]AD2d 848, 849 [3d Dept 2003]; Matter of T.F.D. Bus Co. v City School Dist. of Mount Vernon, 237 AD2d 448, 449 [2d Dept 1997]). IPC's constituent venturers, and their aggregate revenues, were correctly identified in the initial bid materials, and substantiated in follow-up submissions according to the procedures set forth in the competitive bidding materials. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2021