Matter of Liberty Mobility Link v Port Auth. of N.Y. & N.J. (2025 NY Slip Op 05770)

Matter of Liberty Mobility Link v Port Auth. of N.Y. & N.J.

2025 NY Slip Op 05770

Decided on October 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 21, 2025

Before: Webber, J.P., Friedman, Kapnick, Shulman, Hagler, JJ. 

Index No. 151814/24|Appeal No. 4987|Case No. 2025-02403|

[*1]In the Matter of Liberty Mobility Link, Petitioner-Appellant,
v
Port Authority of New York and New Jersey, Respondent-Respondent, DCCA1, Inc., Respondent.

K&L Gates LLP, New York (Gerard A. Novack of counsel), for appellant.
Sills Cummis & Gross P.C., New York (Keith R. Hemming of counsel), for respondent.

Judgment (denominated an order), Supreme Court, New York County (Lyle E. Frank, J.), entered on or about April 8, 2025, denying the petition to vacate or annual respondent Port Authority of New York and New Jersey's determination, dated December 14, 2023, which awarded a contract to respondent DCCA1, Inc. for the design and construction of a new AirTrain Newark System and for the operation and maintenance of such system, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
While a request for proposal (RFP) is a more flexible alternative to competitive bidding, all who submit proposals must be treated fairly (see AWL Indus., Inc. v Triborough Bridge & Tunnel Auth., 41 AD3d 141, 142-143 [1st Dept 2007]; Matter of Madison Sq. Garden, L.P. v New York Metro Transp. Auth., 19 AD3d 284, 286 [1st Dept 2005], appeal dismissed 5 NY3d 878 [2005]). We agree with Supreme Court that petitioner failed to establish either that respondent engaged in unfair or unequal treatment toward the proposers, or that the alleged unfair treatment constituted a violation of the terms of the RFP. Respondent engaged in pricing negotiations with the other proposer only after a final recommendation had already been made as to who was the preferred proposer. There is nothing in the record to suggest that the price reductions concerned anything more than immaterial changes to the project and had nothing to do with who was ultimately selected as the preferred proposer. Respondent also relied on RFP provisions which permitted it to request proposal modification at any time.
We have considered petitioner's remaining arguments, including its argument that the court should have conducted a hearing on its improper scoring claim, and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2025