■ SCHULTZ CONSTRUCTION, INC., Appellant, v FRANBILT, INC., Defendant and Third-Party Plaintiff-Respondent, et al., Defendants. RELIANCE INSURANCE COMPANY et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. [728 NYS2d 828] —Rose, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered April 25, 2000 in Saratoga County, which, *inter alia*, partially denied a motion by plaintiff and third-party defendants Reliance Insurance Company and William Schultz to strike the amended answer and counterclaims of defendant Franbilt, Inc.

Plaintiff contracted for the repair of a lock on the Champlain Canal and subcontracted portions of the work, including fabri-

cation of the lock's gate leaves, to defendant Franbilt, Inc. (hereinafter defendant). Upon discovery of alleged defects in the gate leaves, plaintiff terminated the subcontract and employed another contractor to complete the work. Within a few days, however, plaintiff rescinded the termination, except as to work on the gate leaves, and entered into an amendment to the original subcontract with defendant. After defendant performed additional work, plaintiff commenced this action to recover the costs incurred in correcting the work on the gate leaves. Defendant answered, asserted seven counterclaims and impleaded, among others, third-party defendant Reliance Insurance Company, which had issued a payment bond, and third-party defendant William Schultz, plaintiff's president.

Plaintiff, Reliance and Schultz (hereinafter collectively referred to as appellants) then moved to strike defendant's answer, counterclaims and third-party complaint pursuant to CPLR 3024 and 3211. Supreme Court partially granted the motion and dismissed defendant's fourth and fifth counterclaims, as well as so much of its first, second and third counterclaims as were premised upon quantum meruit or unjust enrichment. Supreme Court denied the motion to the extent that it sought to strike the answer and dismiss defendant's causes of action for breach of contract, lien foreclosure and unlawful diversion of trust funds. As limited by their brief, appellants appeal only that part of the order as denied their CPLR 3211 motion. We affirm.

Appellants first argue that the causes of action for breach of contract asserted in the second and third counterclaims, as well as defendant's lien foreclosure claims, are barred by releases contained in defendant's payment requisitions. We cannot agree that defendant's surviving claims based upon wrongful termination of the original contract come within the scope of those releases. Nor can we agree with appellants' contention that a wrongful termination claim is nonetheless precluded by the parties' express rescission of the termination. The amendment to the subcontract implicitly preserves this claim because the termination was plaintiff's response to defendant's allegedly deficient work on the gate leaves and the amendment deemed the termination to be rescinded "with the exception of work effort on the gate leaves." To the extent that defendant bases its claims on extra work or delay, the amendment states, in pertinent part, "that the Contractor and Subcontractor reserves [sic] their respective rights to dispute any and all changes, disruptions and delays, and breaches of the original Subcontract agreement." In light of the liberal

construction afforded pleadings in the face of a motion to dismiss pursuant to CPLR 3211 (*see, Cron v Hargro Fabrics*, 91 NY2d 362, 366; *Leon v Martinez*, 84 NY2d 83, 87-88), we find that the releases do not preclude defendant's surviving claims and third-party action.

Appellants also contend that the second and third counterclaims should be dismissed in their entirety because they continue to rely upon the theories of unjust enrichment and quantum meruit. However, these counterclaims are now limited to breach of contract allegations and are not precluded. While quantum meruit is thus precluded here as a theory of recovery, it is nonetheless the appropriate method for calculating damages because liability is premised on "contracts terminated before completion" (*Najjar Indus. v City of New York*, 87 AD2d 329, 331-332, *affd* 68 NY2d 943; *see, Fehlhaber Corp. v State of New York*, 65 AD2d 119, 127, *lv denied* 48 NY2d 604). Also, although appellants contend that portions of the seventh counterclaim and third-party action against Reliance should be dismissed because they premise liability upon quantum meruit and unjust enrichment, these actions seek foreclosure of statutory liens and do not premise recovery upon any quasicontractual theory of liability.

Finally, appellants argue that the trust diversion action, brought pursuant to Lien Law article 3-A, is both without merit and untimely commenced. However, the one-year period relevant here does not begin to run until the date of completion of all work (*see, Northern Structures v Union Bank*, 57 AD2d 360, 368). Accepting as true defendant's allegation that the work was not completed until September 24, 1998, as is required on a motion to dismiss under CPLR 3211 (*see, Cron v Hargro Fabrics*, 91 NY2d 362, 366, *supra*), we agree with Supreme Court that this claim is not time barred. Regarding its merits, we note that there is no dispute that trust funds were created out of the owner's payments to plaintiff pursuant to Lien Law article 3-A. Again accepting as true defendant's allegations that plaintiff used trust moneys for purposes not authorized by Lien Law § 71 (2), we conclude that Supreme Court properly denied plaintiff's motion as to that claim.

Cardona, P. J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.