■ Robert A. Behren et al., Appellants, v Warren Gorham & Lamont, Inc., Respondent. [808 NYS2d 157]—

Order, Supreme Court, New York County (Herman J. Cahn, J.), entered on or about May 3, 2004, which, in an action for breach of contract, inter alia, granted defendant's motion to strike plaintiffs' amended bill of particulars and for summary judgment dismissing the complaint, unanimously affirmed, with costs.

The amended bill of particulars was properly stricken on the ground that it alleges a new theory not originally asserted in the complaint (*see Linker v County of Westchester*, 214 AD2d 652 [1995]; *Manning v City of New York*, 11 AD3d 335 [2004]). In particular, while the complaint alleges that defendant's mismanagement of the assets sold under the contract prevented plaintiffs from realizing future incentive compensation, the amended bill of particulars alleges that defendant failed to correctly account for incentive compensation already earned. The cause of action for breach of the implied covenant of good faith

and fair dealing was properly dismissed as inconsistent with contract provisions giving defendant the exclusive right to manage the sold assets, and for lack of evidence raising an issue of fact as to whether defendant's alleged mismanagement of those assets was arbitrary or irrational (*see Dalton v Educational Testing Serv.*, 87 NY2d 384, 389 [1995]). We also note plaintiffs' deposition testimony admitting that defendant's alleged mismanagement was due to ineptitude, not an intention to prevent plaintiffs from realizing incentive compensation (*see Kader v Paper Software, Inc.*, 111 F3d 337, 342 [2d Cir 1997]). We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Buckley, P.J., Andrias, Saxe, Nardelli and Malone, JJ.