■ ROBERT NAGEL, Respondent, v METTE NAGEL, Appellant. [859 NYS2d 639]—

Order, Supreme Court, Bronx County (Ellen Gesmer, J.), entered August 29, 2007, which denied defendant's motion for summary judgment directing the sale of the parties' former marital residence and the payment to her of $100,000 from the proceeds of same, implicitly awarding plaintiff summary judgment on the issue, unanimously modified, on the law, to vacate the award of summary judgment to plaintiff, and otherwise affirmed, without costs, and the matter remanded for further proceedings consistent herewith.

At issue is whether the following provision of the oral stipulation incorporated in the parties' judgment of divorce imposes an obligation upon plaintiff to sell the marital residence by the time of the emancipation of their youngest child: "[I]n the event the marital residence shall be sold no later than the emancipation of the parties' child and that Sophie, since the house is go-

ing to remain titled as it is today, in the event of the death of [defendant], the proceeds to which she is entitled under this agreement shall be—shall inure to the benefit of [defendant]'s heirs, distributors, or assignees, whoever she decides."

Agreeing with plaintiff, the motion court found that this provision, while "not the model of clarity," does not set a deadline for the sale of the residence, but provides only that if the residence is sold after defendant's death and before Sophie's emancipation, defendant's share will inure to the benefit of her heirs, rather than to the benefit of plaintiff. The court held that, even if the stipulation set a deadline, it would be superseded by a subsequent written agreement, which was incorporated in the judgment to clarify the stipulation and which includes no provision for the sale of the marital residence upon Sophie's emancipation. The court thus concluded that plaintiff is not required to sell the residence and that defendant is entitled to receive the $100,000 payment only when plaintiff chooses to do so.

While the court correctly denied defendant's motion for summary judgment, it incorrectly found that the stipulation is unambiguous, i.e., that plaintiff's is the only reasonable interpretation of it (see *LoFrisco v Winston & Strawn LLP*, 42 AD3d 304, 307-308 [2007]). Nor does the extrinsic evidence, which consists of each party's self-serving and cursory statement of the meaning of the stipulation, permit a determination of the parties' intent as a matter of law (see *NFL Enters. LLC v Comcast Cable Communications, LLC*, 51 AD3d 52 [2008]; *Executive Off. Network v 666 Fifth Ave. Ltd. Partnership*, 294 AD2d 166 [2002]). We also note that the stipulation would not be superseded by the terms of the subsequent written agreement. The agreement incorporated by reference all terms and conditions of the stipulation not inconsistent with it, and the stipulation's purported establishment of a deadline for the sale of the residence is not inconsistent with anything in the written agreement. Concur—Saxe, J.P., Nardelli, Catterson and McGuire, JJ.