■ ROBERT NAGEL, Respondent, v METTE NAGEL, Appellant. [926 NYS2d 413]—

Order, Supreme Court, Bronx County (Ellen Gesmer, J.), entered January 11, 2010, which, after a hearing, denied de-

fendant's motion for an order directing plaintiff to sell the parties' former marital residence and pay her $100,000 from the proceeds of the sale, unanimously affirmed, without costs.

On a prior appeal in this matter (*Nagel v Nagel*, 52 AD3d 258 [2008]), we determined that while Supreme Court correctly denied defendant's motion for summary judgment, it incorrectly found that a particular provision of the parties' oral stipulation was unambiguous. Accordingly, we remanded the matter for further proceedings consistent with our opinion.

The subject provision provides as follows: "[I]n the event the marital residence shall be sold no later than the emancipation of the parties' child and that Sophie, since the house is going to remain titled as it is today, in the event of the death of [defendant], the proceeds to which she is entitled under this agreement shall be—shall inure to the benefit of [defendant]'s heirs, distributors, or assignees, whoever she decides."

On remand and following a hearing, Supreme Court determined, as a matter of fact, that the parties' intent in executing the stipulation was to provide that plaintiff was not required to sell the residence during his lifetime, and that, upon its sale, defendant was entitled to receive $100,000. In addition, the court found that the parties' intent in agreeing to the disputed provision was to clarify that defendant's $100,000 share would go to her heirs if the residence was sold after her death, even if Sophie was not yet emancipated.

Where, as here, Supreme Court's findings of fact "rest in large measure on considerations relating to the credibility of witnesses," they "should not be disturbed on appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence" (*Nightingale Rest. Corp. v Shak Food Corp.*, 155 AD2d 297, 297-298 [1989], *lv denied* 76 NY2d 702 [1990]).

Here, the record supports Supreme Court's conclusions. Plaintiff's witnesses testified in great detail about the parties' negotiations during the divorce proceedings and their intent in drafting the disputed clause. Defendant and her former counsel, however, could not recall any of the negotiations.

Defendant was not entitled to a jury trial. Subject to exceptions not present here (*see* Domestic Relations Law §§ 143, 173), "matrimonial actions and proceedings incidental thereto are matters of equity" (*Matter of Sumiya v Murtari*, 275 AD2d 928 [2000], *appeal dismissed* 96 NY2d 730 [2001], *lv denied* 96 NY2d 708 [2001]). Accordingly, they "are not within the constitutional guarantees of a right to a jury trial" (*id.* [internal quotation marks and citations omitted]).

We have considered defendant's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Sweeny, Renwick and Román, JJ.