■ Moshe Steinmetz, Respondent, v Samuel-Rozenbaum USA, Inc., Appellant. [965 NYS2d 405]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered September 23, 2010, after a nonjury trial, awarding plaintiff $130,000 plus interest in the amount of $23,880.82, and costs and disbursements in the amount of $1,025.00, unanimously modified, on the facts, to reduce the principal amount of the award from $130,000 to $75,000, and to remand the matter for the calculation of interest, and otherwise affirmed, without costs.

The trial court properly allowed plaintiff to substitute a correct copy of the contract at issue from the court file for a poorly photocopied copy, since plaintiff promptly authenticated the correct copy (*see Matter of Khatibi v Weill*, 8 AD3d 485 [2d Dept 2004]).

There is no basis for disturbing the court's finding, which rested largely on credibility determinations, that the purported

November 2005 agreement was not genuine (*see Nagel v Nagel*, 85 AD3d 559 [1st Dept 2011]). The document is riddled with anomalies (the court said it looked "cut and pasted"), and plaintiff testified that he had never signed it.

The contract stated that plaintiff could be fired only for cause during the first two years of the three-year employment term, and thereafter for any reason upon 30 days' notice. Plaintiff was terminated approximately nine months into the contract term. Thus, his damages equal his lost wages from that date until the end of the two-year period, plus one month for notice, or 15 months (*see Bogy v Berlage*, 265 App Div 249 [1st Dept 1942]; *Delvecchio v Bayside Chrysler Plymouth Jeep Eagle*, 271 AD2d 636, 638-639 [2d Dept 2000]). Based on the record evidence of plaintiff's net monthly salary, the amount of his lost wages for 15 months is $75,000. Concur—Acosta, J.P., Moskowitz, Renwick, Freedman and Clark, JJ.