14-1764-cv(L)
Thompson v. Advanced Armament Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of June, two thousand fifteen.

PRESENT:  JOSÉ A. CABRANES,
REENA RAGGI,
DENNY CHIN,
*Circuit Judges.*

-----------------------------------------------------------------------

LYNSEY THOMPSON,
*Plaintiff-Appellee-Cross-Appellant*,

RANDOM VENTURES, INC., KEVIN BRITTINGHAM,
*Plaintiffs-Counter-Defendants-Appellees-Cross-Appellants*,

v.

No. 14-1764-cv(L)
No. 14-1983-cv(XAP)
No. 14-1990-cv(XAP)

ADVANCED ARMAMENT CORP., LLC,
REMINGTON ARMS COMPANY, LLC,
*Defendants-Counter-Claimants-Appellants-Cross-Appellees*.

-----------------------------------------------------------------------

APPEARING FOR APPELLEES: ROBERT JASON D'CRUZ, Morris, Manning & Martin, LLP, Atlanta, Georgia (Robert A. O'Hare, Jr., Andrew Charles Levitt, O'Hare Parnagian LLP, New York, New York, *on the brief*), *for* Lynsey Thompson.

BRIAN D. BOONE, Alston & Bird LLP, Charlotte, North Carolina (William Roy Mitchelson, Jr., Alston & Bird LLP, Atlanta, Georgia, Andrew Charles Levitt, O'Hare Parnagian LLP, New York, New York, *on the brief*), *for* Random Ventures, Inc., Kevin Brittingham.

APPEARING FOR APPELLANTS:          JOHN DONLEY ADAMS, McGuireWoods LLP, Richmond, Virginia (Matthew Allen Fitzgerald, Dana Rust, McGuireWoods LLP, Richmond, Virginia, Linda T. Coberly, Winston & Strawn LLP, Chicago, Illinois, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Katherine B. Forrest, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on May 12, 2014, is AFFIRMED in part and MODIFIED in part.

The parties in this action, Lynsey Thompson, Kevin Brittingham, Random Ventures, Inc., Advanced Armament Corp., LLC, and Remington Arms Company, LLC (the latter two, collectively, "AAC"), appeal or cross-appeal from a judgment entered after a bench trial. In such circumstances, we review the district court's findings of fact for clear error and its conclusions of law de novo. See Citigroup Global Mkts. Inc. v. Abbar, 761 F.3d 268, 273 (2d Cir. 2014). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part and modify in part.

2

On appeal, AAC primarily challenges the district court's determination that it breached the operative contracts by terminating both Brittingham and Thompson, purportedly "for cause." We affirm that ruling, albeit for reasons somewhat different from those stated by the district court. We also affirm the holding that Brittingham's and Thompson's salary damages are capped at one year's salary and the rulings (a) awarding Brittingham attorneys' fees and (b) denying Thompson attorneys' fees. We modify, however, the judgment to void all restrictive covenants.

1.    Termination of Brittingham

The district court determined that Brittingham's termination for firearms compliance violations was a breach of contract because none of the alleged violations were unusual or outside the normal course of AAC's business practices and, therefore, were not "material." See Random Ventures, Inc. v. Advanced Armament Corp., No. 12 Civ. 6792 (KBF), 2014 WL 113745, at *44 (S.D.N.Y. Jan. 13, 2014) (holding that "to constitute a material violation, the conduct would need to have reached beyond AAC's customary (and accepted) business practices"). That interpretation of material, an issue of law we review de novo, is erroneous. See Capital Ventures Int'l v. Republic of Argentina, 552 F.3d 289, 293 (2d Cir. 2009) (holding contract interpretation reviewed de novo).

"Material," especially when used with regard to violations of the law or noncompliance with a rule, means non-technical. See State Farm Mut. Auto. Ins. Co. v. Mallela, 4 N.Y.3d 313, 321–22, 794 N.Y.S.2d 700, 703 (2005) (contrasting "material failure[s] to abide by state and local law" with "[t]echnical violations"); Madison Ave.

3

Leasehold, LLC v. Madison Bentley Assocs., 30 A.D.3d 1, 8, 811 N.Y.S.2d 47, 53 (1st Dep't) (contrasting "material default" with "technical violation"), aff'd, 8 N.Y.3d 59, 828 N.Y.S.2d 254 (2006); Hungerford & Terry, Inc. v. Suffolk Cnty. Water Auth., 12 A.D.3d 675, 676, 785 N.Y.S.2d 506, 508 (2d Dep't 2004) (contrasting "material" noncompliance with "technical noncompliance"). Thus, while an inadvertent failure to satisfy record-keeping requirements might not be material, willful failures, denominated as federal felonies, cannot be deemed immaterial. Here, AAC asserted that Brittingham committed and allowed to be committed numerous federal felonies—including willful record keeping violations and improper transfers of machine guns. Even if there was a culture of non-compliance at AAC, such conduct necessarily would constitute a "material failure . . . to comply with applicable laws or governmental regulations with respect to the Company's [AAC's] operations" under Brittingham's employment agreement. J.A. 795.

Nevertheless, we need not remand to the district court for it to determine in the first instance if any such felonies occurred or Brittingham's responsibility for them, because the district court's factual findings support affirmance of the contract ruling on an alternative ground: breach of the implied covenant of good faith and fair dealing (the "implied covenant"). See National R.R. Passenger Corp. v. McDonald, 779 F.3d 97, 100 (2d Cir. 2015) ("We may affirm on any ground with support in the record."). Although, as AAC correctly points out, breach of the implied covenant is not a separate claim from breach of contract, it is an alternative means by which a contract may be breached. See Harris v. Provident Life & Acc. Ins. Co., 310 F.3d 73, 80 (2d Cir. 2002) (noting that, under New

4

York law, breach of implied covenant "is merely a breach of the underlying contract" (internal quotation marks omitted)).

Under New York law, a defendant violates the implied covenant when it purposefully sabotages a plaintiff's ability to benefit under the contract. See Kader v. Paper Software, Inc., 111 F.3d 337, 341–42 (2d Cir. 1997); accord Behren v. Warren Gorham & Lamont, Inc., 24 A.D.3d 132, 133, 808 N.Y.S.2d 157, 158 (1st Dep't 2005). Acts done out of "negligen[ce]" or "inept[itude]" are insufficient, Security Plans, Inc. v. CUNA Mut. Ins. Soc'y, 769 F.3d 807, 817 (2d Cir. 2014), as are intentional acts done without the purpose of cheating the plaintiff, see Kader v. Paper Software, Inc., 111 F.3d at 342. Thus, a defendant would violate the implied covenant if it compelled a plaintiff's violation of a for-cause-termination provision in order to justify termination. Absent such purposeful sabotage, however, a termination for cause cannot breach the implied covenant, even if motivated by reasons unrelated to cause. See Thomas E. Hoar, Inc. v. Sara Lee Corp., 164 F.3d 619, 1998 WL 667836, at *1 (2d Cir. 1998) (summary order); Major Oldsmobile, Inc. v. Gen. Motors Corp., 101 F.3d 684, 1996 WL 280452, at *3 (2d Cir. 1996) (unpublished opinion).

Here, the district court expressly found that "defendants purposefully and intentionally created a situation in which Brittingham was destined to fail." Random Ventures, Inc. v. Advanced Armament Corp., 2014 WL 113745, at *48; see also id. ("By creating conditions to try and force Brittingham to breach his [employment agreement], defendants engaged in bad faith conduct."). That factual finding, which is not clearly

5

erroneous, supports a conclusion that AAC breached its contracts with Brittingham through violation of the implied covenant. Accordingly, we affirm the district court's contract holding in favor of Brittingham.

2.     Termination of Thompson

The district court held that Thompson was improperly terminated in part because she "was never provided written notice" of AAC's demand for her recording "and an opportunity to cure as contractually required." Random Ventures, Inc. v. Advanced Armament Corp., 2014 WL 113745, at *46. This holding was error because the contract contained no such requirement. Nevertheless, we affirm this contract ruling on the alternative holding that AAC's sole Board member did not make the requisite "reasonable determination" for Thompson's termination, see id. at *35 n.71, a factual finding that is not clearly erroneous.[1]

3.     Salary Damages Limitation

Under New York law, "an employee who maintains an action for discharge under a contract of employment which contains a right of termination is generally limited to the salary to which he or she would have been entitled if notice of termination had been duly given." 52 N.Y. Jur. 2d Employment Relations § 332; see Steinmetz v. Samuel-Rozenbaum USA, Inc., 105 A.D.3d 678, 679, 965 N.Y.S.2d 405, 406–07 (1st

---

[1] AAC does not argue that no reasonable determination was required to terminate Thompson but, rather, argues that the reasonable-determination requirement was satisfied. AAC's Br. 50–51. As such, we do not consider or address whether the language here at issue in fact required a reasonable determination by the Board before Thompson's termination.

6

Dep't 2013).  Brittingham and Thompson do not dispute that the without-cause provision of their contracts provides for one-year's notice.  Instead, they assert that application of that provision here fails adequately to punish AAC.  The argument misunderstands the purpose of contract law, which is not to punish but to put parties in the position they would have been in absent breach.  See 24 Williston on Contracts § 64:1 (4th ed. 2014); see generally Rocanova v. Equitable Life Assurance Soc'y of U.S., 83 N.Y.2d 603, 613, 612 N.Y.S.2d 339, 342 (1994) (holding punitive damages not available for ordinary breach of contract).  Accordingly, we affirm the district court's ruling limiting Brittingham's and Thompson's salary damages to one year.

4.     Thompson's Attorneys' Fees

Because Thompson seeks attorneys' fees as a sanction, we review the district court's denial of fees only for abuse of discretion.  See Wilson v. Citigroup, N.A., 702 F.3d 720, 723 (2d Cir. 2012).  Because we conclude that the district court acted well within its discretion, we affirm its denial decision.

5.     Brittingham's Attorneys' Fees

AAC argues that the indemnification provisions at issue are not sufficiently clear to justify fee-shifting.  Like the district court, we disagree.  The provisions explicitly differentiate between "Third Person Claims" and "Claims."  Such language unmistakably indicates that the indemnification agreement was intended to cover expenses for suits between the parties, including expenses for attorneys' fees.  See Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp., 418 F.3d 168, 178–79 (2d Cir. 2005).

7

6.      Restrictive Covenants

The challenged judgment contains a declaration of invalidity as to some, but not all, non-competition restrictive covenants in the Asset Purchase Agreement and in both plaintiffs' Employment Agreements.   Brittingham argues that, because defendants were found to have acted in bad faith, New York law requires that all such restrictive covenants must be invalidated.   Since the last of the surviving restrictive covenants expired by their terms in October 2014, the issue is moot on a forward-looking basis.   Nevertheless, Brittingham maintains that defendants could sue on past violations.   See Brittingham's Br. 46.   On appeal, AAC entirely concedes this argument, indicating that, in its view, "the enforceability of the covenants against raiding, solicitation, and disparagement rise and fall with the merits of [the] appeal."   AAC's Reply Br. 36 n.5.   Thus, to the extent it is even necessary to do so, we extend the district court's declaration of invalidity to include the now-expired covenants against raiding, solicitation, and disparagement.

7.      Conclusion

We have considered the parties' remaining arguments and conclude that they are without merit.   We therefore MODIFY the judgment to extend the declaration of invalidity to include the now-expired covenants against raiding, solicitation, and disparagement, and we AFFIRM in all other respects.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court