■ NORTHEAST RESTORATION CORP., Respondent, v T.A. AHERN CONTRACTORS CORP. et al., Defendants. [18 NYS3d 53]—

Judgment, Supreme Court, Bronx County (Barry Salman, J.), entered April 18, 2014, after a nonjury trial, awarding plaintiff damages as against defendants T.A. Ahern Contractors Corp. and Safeco Insurance Company of America, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about April 15, 2014, unanimously dismissed, without costs, as subsumed in the appeal from the aforesaid judgment.

There is no basis for disturbing the trial court's finding in favor of plaintiff on its claim for unpaid change orders and work completed but not billed before the termination date of its contract with defendant Ahern (*see generally Nagel v Nagel*, 85 AD3d 559 [1st Dept 2011]). Contrary to defendants' contention, plaintiff was justified in refusing to continue performing work that it deemed outside the scope of the contract, absent a notice of direction (NOD) from Ahern, which would have protected its right to claim additional compensation for that work (*compare Kalisch-Jarcho, Inc. v City of New York*, 72 NY2d 727 [1988] [contractor was permitted to file a written protest to preserve its right to claim compensation for disputed work]). The testimony of defendants' witness that the contract did not require an NOD under the circumstances was contradicted by the language of the contract, and was effectively an improper expert opinion as to a legal conclusion (*see Colon v Rent-A-Center*, 276 AD2d 58, 61 [1st Dept 2000]).

Plaintiff's evidence of its damages, including the work it performed from the last billing cycle to the termination, was sufficient. Further, the calculation used to determine the value of that work, i.e., the percentage of completion of the total contract price, was proper (*see e.g. Schultz Constr. v Franbilt, Inc.*, 285 AD2d 936 [3d Dept 2001]).

The dismissal of Ahern's counterclaims is supported by evidence that plaintiff neither caused the claimed damages nor was responsible for them under the contract.

We have considered defendants' remaining contentions and find them unavailing. Concur—Tom, J.P., Andrias, Moskowitz and Kapnick, JJ.