| |
|---|
| **Macklowe v BP 510 Madison Ave. LLC** |
| 2024 NY Slip Op 30335(U) |
| January 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655921/2020 |
| Judge: Andrew Borrok |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:    <u>HON. ANDREW BORROK</u><br>*Justice* | PART      53 |

-------------------------------------------------------------------------X

HARRY MACKLOWE

                          Plaintiff,

                  - v -

BP 510 MADISON AVE LLC,

                          Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655921/2020 |
| MOTION DATE | 04/28/2023,<br>04/28/2023 |
| MOTION SEQ. NO. | 001 002 |

**INTERIM DECISION AND
ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 117, 118, 119, 120, 121

were read on this motion to/for         <u>         PARTIAL SUMMARY JUDGMENT         </u>.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 116, 122, 123, 124

were read on this motion to/for         <u>         JUDGMENT – SUMMARY         </u>.

Harry Macklowe's motion (Mtn. Seq. No. 1) is granted solely to the extent that Mr. Macklowe is entitled to summary judgment to the extent that BP 510 Madison Ave LLC (**BP 510**) owes him the Fixed Fee as such term is defined in the Consulting Agreement, dated September 24, 2010 (the **Agreement**; NYSCEF Doc. No. 3). BP 510's motion (Mtn. Seq. No. 2) is granted solely to the extent that the second cause of action for specific performance is dismissed.

On the record before the Court, it appears that Mr. Macklowe is also entitled to summary judgment as to both the Additional Fee and the Final Fee as such terms are defined in the Agreement because it appears that BP 510 is netting out its Adjusted Equity Contribution (*i.e.,* and not just its preferred return on its Adjusted Equity Contribution) prior to the payment of Mr.

**655921/2020 HARRY MACKLOWE vs. BP 510 MADISON AVE LLC**
**Motion No. 001 002**

**Page 1 of 9**

1 of 9

Macklowe's Additional Fee and Final Fee contemplated by Section 4 of the Agreement. This is not what the Agreement calls for.

Briefly, by way of background, Mr. Macklowe is a real estate developer and former owner of 510 Madison Avenue, New York, New York (the **Building**). Mr. Macklowe sold the Building to BP 510 on September 24, 2010. Pursuant to the terms of the Agreement, which had a 10-year term, Mr. Macklowe and BP 510 agreed that if the Building met certain performance metrics, Mr. Macklowe would be entitled to additional compensation. According to Mr. Macklowe, the milestones set forth in the Agreement were met and he was not paid. Accordingly, he brought this action seeking to recover damages for breach of the Agreement based on BP 510's alleged failure to pay the Fixed Fee, Additional Fee, and Final Fee.

Both parties have moved for summary judgment. Both parties agree that the terms of the Agreement are not ambiguous (*see* NYSCEF Doc. No. 44 at 2-3, 14-15; NYSCEF Doc. No. 113 at 14-17, 19; NYSCEF Doc. No. 76 at 1, 13-14; NYSCEF Doc. No. 100 at 13). In fact, the Agreement is not ambiguous.

## I. Mr. Macklowe is entitled to the Fixed Fee

Pursuant to Paragraph 4.B (1) of the Agreement, the parties agreed that Mr. Macklowe would receive a "Fixed Fee" of $1 million "payable within thirty (30) days after Stabilization Date if the Stabilization Date occurs prior to the Expiration Date."

**655921/2020  HARRY MACKLOWE vs. BP 510 MADISON AVE LLC**
**Motion No.  001 002**

**Page 2 of 9**

2 of 9

Paragraph 4.B (2) provides that plaintiff would receive an additional $1 million "payable within thirty (30) days after the Stabilization Date if, on the Stabilization Date (provided the Stabilization Date occurs during the Term), the Average Rent (hereinafter defined) for all Eligible Leases then in effect is $90 per rentable square foot or greater."

The "Stabilization Date" is defined as "[t]he first day of the calendar month immediately following the calendar month in which Eligible Leases demising at least ninety percent (90%) of the total rentable square footage of the Building (excluding the health club) are in full force and effect."

In support of this motion, Mr. Macklowe met his initial burden of making a "prima facie showing of entitlement to judgment as a matter of law" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) that he is owed the $2 million Fixed Fee under the Agreement by demonstrating that the Stabilization Date occurred on July 1, 2014 (*i.e.,* prior to the expiration date of the Agreement), and that on that date, the Average Rent for all Eligible Leases then in effect was $90 per rentable square foot or greater. In their opposition papers, BP 510 fails to raise an issue of fact.[1] In fact, BP 510's counsel conceded on the record (1.25.24) that Mr. Macklowe is entitled to the Fixed Fee, arguing only that BP 510 is entitled to an offset of approximately $400,000. This does not however preclude the entry of summary judgment for Mr. Macklowe at this time (*see Parlux Fragrances, LLC v S. Carter Enters., LLC*, 204 AD3d 72, 89 [1st Dept 2022]). Thus, this branch of Mr. Macklowe's motion is granted.

---

[1] For completeness the Court notes that BP 510 initially opposed this branch of Mr. Macklowe's motion on the ground that the claim is barred by the statute of limitations and cross-moved to dismiss the claim on the same grounds. However, BP 510 later withdrew the cross-motion and indicated that it is no longer relying on the statute of limitations argument reflected in Point I of its memorandum of law (Ltr [6-27-23], NYSCEF Doc. No. 118).

**655921/2020   HARRY MACKLOWE vs. BP 510 MADISON AVE LLC**                     **Page 3 of 9**
**Motion No.  001 002**

Mr. Macklowe is not however entitled to exclude BP 510's expert's opinion based on the argument that she seeks to provide expert opinion as to the legal obligations under the Agreement. Although this would be impermissible (*see Good Hill Master Fund L.P. v Deutsche Bank AG*, 146 AD3d 632, 637 [1st Dept 2017]; *Northeast Restoration Corp. v T.A. Ahern Contrs. Corp.*, 132 AD3d 552, 553 [1st Dept 2015]), experts routinely make assumptions in their analysis and base their calculations on those assumptions. The opposing party may of course challenge those assumptions. This is not however a basis for exclusion. BP 510's expert made an assumption and opined as to whether the Additional Fee and the Final Fee are owed to Mr. Macklowe. Thus, this branch of Mr. Macklowe's motion is denied. What the Agreement means however is an issue soundly left to the province of the Court, and it appears as though BP 510's expert has not applied the formula set forth in the Agreement correctly.

## II. Paragraph 4.C of the Agreement provides for the order of payment

Pursuant to the terms of the Agreement, the parties agreed that Mr. Macklowe would receive an Additional Fee and a Final Fee if BP 510 earned its Cumulative Preferred Return and received a distribution of all of its then Accrued and Unpaid Cumulative Preferred Return as of the end of the immediately preceding Fiscal Year. This is what Section 4.C of the Agreement says and means. It does not say that BP 510 is entitled to reduce its Adjusted Equity Contribution prior to the payment of Mr. Macklowe's Additional Fee or Final Fee.

**655921/2020   HARRY MACKLOWE vs. BP 510 MADISON AVE LLC**
**Motion No.  001 002**

**Page 4 of 9**

[* 4]

4 of 9

To wit, pursuant to Paragraph 4.C, the parties agreed that Mr. Macklowe would be paid if two conditions were satisfied:

"If, in any Fiscal Year, [BP 510] (i) has achieved its Cumulative Preferred Return for such Fiscal Year and (ii) has received a distribution of all of its then Accrued and Unpaid Cumulative Preferred Return as of the end of the immediately preceding Fiscal Year, then Macklowe shall receive an amount (the 'Additional Fee') equal to twelve percent (12%) multiplied by the amount by which Net Operating Income exceeds the Cumulative Preferred Return with respect to such Fiscal Year"

(NYSCEF Doc. No. 3 at 6).

"Cumulative Preferred Return" is defined in the Agreement as:

"An amount equal to the product derived by multiplying **Adjusted Equity Contributions** as may be outstanding from time to time by ten percent (10%) per annum simple interest after giving effect to all prior distributions" (emphasis added)

(*id*. at 2).

"Adjusted Equity Contributions" means:

"Equity Contributions as of such time as actually made, contributed from time to time, (i) *less* (x) any distributions in return of Equity Contributions other than any amounts contributed or deposited to fund any cash collateral account pursuant to an Accommodator Loan and (y) Deemed Debt, (ii) *plus* any Accrued and Unpaid Cumulative Preferred Return" (emphasis in original)

(*id*.).

"Equity Contributions" means:

"The total amount of money contributed by [BP 510] from time to time, to fund costs and expenses of the Project, including, without limitation and without duplication, all funds contributed in connection with the purchase of the Building and the Project, all closing expenses and costs to acquire any mortgage or mezzanine loan secured by the Building or any ownership interest in [BP 510's] predecessor-in-interest, all funds contributed for real estate taxes, insurance premiums, operating expenses, tenant improvements, leasing commissions, landlord work letter obligations, capital expenditures and all other costs and expenses relating to operating and leasing the Project, but excluding all funds contributed to or deposited with a lender under an Accommodator Loan to fund any cash collateral accounts"

(*id*. at 3).

**655921/2020   HARRY MACKLOWE vs. BP 510 MADISON AVE LLC**
**Motion No.  001 002**                                                                 **Page 5 of 9**

5 of 9

"Accommodator Loan" means:

> "Any loan made to [BP 510] that is secured by the Project and a cash collateral account in the principal amount of the loan"

(*id.* at 1).

"Deemed Debt" is defined as follows:

> "An amount of indebtedness, determined as of the Stabilization Date, meeting the following criteria as of such date: (a) a non-recourse first mortgage in the principal amount equal to seventy (70%) percent of the fair market value of the Project based upon a commercially reasonable determination of fair market value by an institutional lender, (b) a ten year term, (c) a market fixed interest rate and, to the extent then generally required by institutional lenders on 10-year, fixed rate, 70% loan to value loans, monthly scheduled amortization payments and (d) otherwise on commercially reasonable terms for a loan of this type at the time in question, as would be available from an institutional lender. Any such terms received by [BP 510] in writing from any one of Bank of America, Citigroup, JPMorgan Chase or Wells Fargo shall be conclusive and binding on [BP 510] and Macklowe for purposes of calculating Deemed Debt"

(*id.* at 3).

The Agreement provides that "Accrued and Unpaid Cumulative Preferred Return" is "Interest, calculated at ten percent (10%) per annum simple interest, on any Adjusted Equity Contributions that are accrued and unpaid at any time" (*id.* at 2).

In other words, the deal set forth in the Agreement is that as long as BP 510 receives its preferred return on its equity contribution of 10% taking into account "deemed debt," and had received any accrued unpaid preferred return as of the prior fiscal year, Mr. Macklowe was to be paid an Additional Fee.

**655921/2020   HARRY MACKLOWE vs. BP 510 MADISON AVE LLC**
**Motion No.  001 002**

**Page 6 of 9**

[* 6]                                                      6 of 9

BP 510's expert indicates that these two conditions were never satisfied. In support of her position, she points to Exhibit 3 of the Interrogatories (Ager Report, NYSCEF Doc. No. 68, at 1,9; Interrogatories, NYSCEF Doc No. 61 at 17-26). As Mr. Macklowe points out, the spreadsheet does not appear to apply the formula correctly. It appears to deduct BP 510's actual Adjusted Cumulative Equity Contributions (*i.e.*, and not just preferred return on their Adjusted Equity Contributions) prior to calculating Mr. Macklowe's Additional Fee. Assuming that this is the case, this is improper.

Counsel for BP 510 indicated (1.25.24) that she thought this is not what BP 510's expert, Meridith Agers, did in her analysis. As an accommodation, for clarity, a hearing is scheduled where the parties can each produce their expert witness to discuss the issue. The hearing will be scheduled for one of the following dates and times:

> 1/29/2024 at 2:00 – 3:00 pm.
> 1/31/2024 at 11:30 am – 12:30 pm.
> 2/2/2024 at 11:30 am – 12:30 pm.
> 2/8/2024 at 11:30 am – 1:00 pm.

The parties will meet and confer and inform the court by January 26, 2024, at 3:00 pm, via email to Part 53 (sfc-part53@nycourts.gov), of which date and time they can appear in person with their expert witness.

### III.    Mr. Macklowe is not entitled to Specific Performance

BP 510 is entitled to summary judgment and dismissal of Mr. Macklowe's second cause of action for specific performance requiring BP 510 to produce "all Projects Books and Records pertaining to the Property." Dismissal of this cause of action is warranted because BP 510 has offered to

**655921/2020    HARRY MACKLOWE vs. BP 510 MADISON AVE LLC**
**Motion No.  001 002**

**Page 7 of 9**

7 of 9

make such books and records available to Mr. Macklowe and BP 510 maintains that it has effectively provided Mr. Macklowe with everything he has requested (Walsh Affidavit at ¶¶ 31-32, NYSCEF Doc. No. 55; Ltr, NYSCEF Doc. No. 64). Mr. Macklowe does not refute this assertion. Nor does he raise any argument as to why dismissal of the second cause of action is unwarranted. Thus, the second cause of action is dismissed in its entirety.

Accordingly, it is

**ORDERED** that Mr. Macklowe's motion for partial summary judgment is granted to the extent that plaintiff is awarded summary judgment that BP 510 owes him the Fixed Fee; and it is further

**ORDERED** that Mr. Macklowe's motion for partial summary judgment is granted to the extent that Paragraph 4C provides for the order of payment; and it is further

**ORDERED** that branch of Mr. Macklowe's motion which seeks to strike BP 510's expert report is denied; and it is further

**ORDERED** that the branch of BP 510's motion for partial summary judgment seeking dismissal of the second cause of action for specific performance is granted; and it is further

**ORDERED** that the balance of the motions are held in abeyance pending the hearing which is scheduled for the reasons set forth above; and it is further

**ORDERED** that the parties shall appear for a remote status conference on January 26, 2024, at 3:00 pm, via Teams, to set the hearing date.

This constitutes the Interim Decision and Order of this Court.

**655921/2020 HARRY MACKLOWE vs. BP 510 MADISON AVE LLC**
**Motion No. 001 002**

**Page 8 of 9**

8 of 9

20240125165927AD0RR0KB08432A097744F13B7FD292206D2FD5E

**1/25/2024**

**DATE**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

655921/2020   HARRY MACKLOWE vs. BP 510 MADISON AVE LLC
Motion No.  001 002

Page 9 of 9

9 of 9

[* 9]